## GALATIAN *against* GARDNER.

<div style="float:left; width:30%;">A road used as a public highway for twenty years next preceding the 21st *March*, 1797, becomes a public highway, though not recorded; and it does not cease to be a public highway, though originally leading to a dock, and landing, or ferry, and such ferry has been changed, and though some part of the way has been appropriated and built upon, if the passage continues open to the same dock and landing.</div>

THIS was an action of trespass *quare clausum fregit.* The *locus in quo* was a piece of land in the village of *Newburgh*, adjoining the bank of the *Hudson* river, bounded on the north by a store and dock, west by *Water-street*, south by *First-street*, and east by the river. The plea was the general issue, and the defendant gave notice, that he would give in evidence at the trial, that the *locus in quo* was a common highway, and that the plaintiff obstructed it, and the defendant peaceably removed the obstruction, &c.; that from time immemorial, the defendant, and others under whom he claims to hold, have used the way, &c. from the public highway, called *Water-street*, through the close of the plaintiff, mentioned in his declaration, to the close of the defendant, &c.

The cause was tried at the *Orange* circuit, in *September*, 1809, when a verdict was found for the plaintiff.

The cause turned upon a question of fact, whether the

*locus in quo* was a public highway. It is not necessary to detail the evidence given in the case, as the substance of the testimony is stated in the opinion of the court; and it would not be well understood without an inspection of the map produced at the trial.

*Fisk,* for the defendant, relied on the fact, as proved by the testimony of the witnesses, that the *locus in quo* was a public highway, leading to the dock of the defendant.

*Caines,* contra, contended, that the *locus in quo,* though part of a public way, leading from the highway to where the *ferry* was formerly kept, was not a legal *highway,* which is without a *terminus à quo,* or *terminus ad quem.* A public way for a particular purpose, is not a highway. If a way has been used as a way to a ferry, and the place where the ferry is kept is changed, the right of way in the public is transferred from the old to the new ferry.[*] Where a right of way lies in *usage,* it must be shown to be constantly in the same place; not in one place to-day, and in another place to-morrow.[†] Again, the right is shown to the whole road, not to any particular spot in the road. A right to any particular spot cannot be maintained, when the whole road has been transferred. When the road has been once changed to a different place, all rights under it, as an ancient road, are gone.

[*] *Com. Dig.* tit. *Chemin,* A 1. D. 1. 1 *Vent* 189. 6 *Mod.* 3. *Fitzh. Barre,* pl 302. 22 *Assise,* 93.
[†] *Yelv.* 162, 163. *Brownl.* 215.

This road was never laid out and reserved as a public highway. The defendant purchased under the *Coldens,* and must be bound by their acts. A bargain and sale of land, with a way to it, does not pass the *way,* for the sale conveys only the *use;* and there cannot be a use of a way created *de novo.*[‡]

[‡] *Cro. Jac.* 190.

*Per Curiam.* The simple point of fact in this case is, whether the *locus in quo* was not a " road used as a

public highway for twenty years or more next preceding the 21st of *March*, 1797." If this fact be in favour of the defendant, it amounts to a justification of the trespass ; for the statute (*Laws of N. Y.* vol. 1. p. 595.) declares, that every such road shall be taken and deemed a public highway, although no record thereof has been made. The evidence in this case greatly preponderates in favour of the usage. The defendant produced seven witnesses, all of whom had known the road for above twenty years next preceding *March*, 1797, and all declare, that it had been used during all that time as a public highway, leading to the dock and landing of the defendant.

The witnesses on the part of the plaintiff do not essentially contradict the defendant's witnesses. They principally go to prove that the road in question, at the intersection of *Water-street*, had been removed some feet more to the south than it was formerly, but they admit that it had not varied where it passed over the premises of the plaintiff; and they all concur in the declaration that there is no way of getting to the dock and landing in question but by means of this road ; for that *First-street* has never been used, and ever has been, and still is, impassable. There is likewise one important fact established by the witnesses, and not contradicted by any, and that is, that from the year 1743 there had been a ferry kept at the defendant's landing, under a charter granted to *Alexander Colden;* and that before the war, during the war, and for some time after the war, there was no other ferry kept across the *Hudson*, at *Newburgh*, but the one at the defendant's dock.

The verdict ought, therefore, to be set aside, and a new trial granted, upon payment of costs.

New trial granted.