ARCHER *v.* THE BOARD OF COMMISSIONERS of ALLEN County.

In an action against a board of county commissioners, for work and labour, or goods sold and delivered, the declaration must show some act, creating their liability, to have been done by them at a regular meeting of the board at the time fixed by law.

ERROR to the *Randolph* Circuit Court.

BLACKFORD, J.—Assumpsit by *Archer* against the board of commissioners of *Allen* county. There are four counts in the declaration. Two of the counts are founded on a special contract relative to the making of bricks by the plaintiff for the defendants. The other counts are for bricks sold and delivered to the defendants by the plaintiff. General demurrer to the declaration, and judgment for the defendants.

The declaration, in this case, cannot be sustained. The defendants are only charged in their corporate capacity. No act of theirs, relative to the subject-matter of this action, could render them liable in their character of commissioners, unless such act was done by them at a regular meeting of the board at the time fixed by law. The declaration does not show any act of the commissioners done at such a time; and it is consequently insufficient.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Cooper,* for the plaintiff.

*D. H. Colerick* and *M. M. Ray,* for the defendants.

*Friday,
December 12.*

---

HOAGLAND *v.* ROGERS, in Error.

AN action of debt may be brought in this state, upon the judgment of a justice of the peace in another state; but a *scire facias* to procure the award of an execution on such a judgment does not lie.