GOODWIN *et al. v.* SCANNELL *et al.*

Warehousemen who give their receipt for goods on storage, are estopped from setting up a want of segregation of the goods receipted for from other goods, in an action against them by the holder of the receipt, for a conversion of the goods by a seizure in an action against a vendor of the plaintiff.

And this, although the warehousemen are the attaching creditors, and although the sheriff making the seizure was not liable, by reason of their being no segregation.

APPEAL from the District Court of the Twelfth Judicial District.

The plaintiffs, composing the firm of Goodwin & Co., brought this action against D. Scannell, Sheriff of San Francisco County, and R. Fisk and O. Gibson, composing the firm of Fisk & Co., for damages for the conversion of forty half barrels of pork.   The facts established by the record are as follows :   Fisk & Co., doing business as warehousemen in the city of San Francisco, gave to Parrott & Co. the following receipt :

"San Francisco, Nov. 9, 1855.
"Received, on storage for Messrs. Parrott & Co., forty half barrels of clear pork, marked ———.
"FISK & Co."

This receipt was endorsed by Parrott & Co. to Bragg, Rollinson & Co., and was by them endorsed to the plaintiffs.   Rollinson testified that Parrott & Co. held the pork as security for advances made by them to one Shiverick; that Rollinson paid Shiverick the money due Parrott & Co., whereupon the former procured Parrott & Co.'s endorsement to Rollinson, who then bought the pork of Shiverick, taking the endorsed receipt for the pork, which he then presented to Fisk & Co., who de-

35

clined delivering the pork till they saw Shiverick. Rollinson then sold the pork to the plaintiffs, endorsing the receipt in the name of his firm, as he had received it. Fisk & Co. subsequently commenced suit against Shiverick and attached the pork, which was taken away by the sheriff, under their directions. For the defence it was proved that there was other pork, having the same mark or brand, in the store of Fisk & Co., though whether it belonged to Shiverick or not, does not appear.

The case was tried before the Court below, sitting as a jury. Judgment was entered in favor of the defendant, Scannell, and against the defendants, Fisk and Gibson, for the value of the pork. The latter moved for a new trial, which being denied, they appealed.

*McDougall, Aldrich and Sharp* for Appellants.

In the case of Adams *v.* Gorham, Tilden & Little, this Court decides that, in an action for specific property, the warehouseman is estopped from denying his liability, because his receipt is given for the specific number of barrels claimed, but that the same reasoning did not hold in regard to the sheriff, who had taken the property at the instance of other parties upon process. Here, the warehousemen were creditors, and thus far this case differs from the one cited.

There is also a difference in the character of the action, the case cited having been an action for specific property, and this being an action to recover damages for the conversion of the property. No illegal conversion of the property is shown, unless the seizure of the property in the condition in which this was (not segregated) by a creditor under due process, be considered such a conversion.

The Court below renders judgment in favor of Scannell, the sheriff, who executed the process of attachment, but judgment against the appellants. Upon what sound principle can this decision rest? Scannell was the agent of appellants in this transaction, and executed the process at their instance.

If he is not liable, why should they be? If he is protected on the ground that the property, not having been segregated, was liable to attachment at the instance of creditors, why should not the creditors themselves, whose process he executed, be protected?

*Harmon, Sunderland and Stanley* for Respondents.

This is clearly an appeal for delay, and the respondents are entitled to damages. The case is simply the common one of goods stored with a warehouseman by a party who gets advances, and endorses his warehouse receipt.

The defendants, Fisk & Co., attached this pork on a debt against Shiverick, the pork being at the time in the possession of Fisk & Co. Plaintiffs then sued the sheriff and Fisk & Co. for the pork, or its value.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY concurred.

The defendants, being warehousemen, and having given their storage

receipt for a specific number of barrels, cannot set up the want of segregation to avert their liability. By their receipt, they have charged themselves and are estopped. If a warehouseman would protect himself from liability in such cases, he can do so by describing the goods as part of a larger lot and unseparated, or in bulk, with the goods of others. Such a description would give notice to any transferee of the warehouse receipt, of the condition of the goods, and enable him to use the necessary diligence in obtaining the title to a specific property.

This case is the same as that of Adams *et al. v.* Gorham *et al.*, decided at the last January term. 6 Cal. R.

Judgment affirmed.