Nov. Term, 1856.

THE BOARD OF COMM'ERS OF FAYETTE CO.
v.
CHITWOOD.

## THE BOARD OF COMMISSIONERS OF FAYETTE COUNTY *v.* CHITWOOD and Another.

Section 36 of the act of 1852 providing for the organization of county boards, &c., provides that an appeal from the decision of a board of commissioners shall be tried as an original cause, but not that it shall be tried in the same manner as by the commissioners; hence it may be tried by jury.

On appeal from a decision of a county board, a certificate of a township clerk, that the claim (for medical services rendered to a pauper) had been presented to the township board of trustees, acting as overseers of the poor, and by them approved, was admitted in evidence in the Circuit Court. It did not purport to be a copy of any record or order of the board of trustees.

*Held,* that the certificate was admissible to show that the services had been rendered at the instance of at least one member of the board, and not voluntarily; but it was not evidence for any other purpose, and as it misled the jury, a new trial should have been granted.

*Held,* also, that the civil township is a corporation represented by a board of trustees, who are bound to keep a true record of all their proceedings.

*Held,* also, that a township board can only speak by its record.

A board of county commissioners cannot meet at any time other than the regular terms; and it can only transact business as a board.

An order made by commissioners at any other time, unsupported by evidence of confirmation by the board when legally in session, is not valid, nor is it evidence of any action of the board.

The county board may employ a physician for the prisoners and poor of one or more townships of a county.

It is not shown that a certificate was obtained by fraud, if it appear that the maker knew its contents.

Monday, January 26, 1857.

APPEAL from the *Fayette* Circuit Court.

GOOKINS, J.—*Chitwood* and *Porter* presented a claim to the board of commissioners of *Fayette* county for medical services rendered by them to a pauper. The board refused to allow the claim. From that decision, they appealed to the Circuit Court, where there was a trial by jury, verdict for the plaintiffs, new trial refused, and judgment. The record contains the evidence.

It is assigned for error that the cause was submitted to a jury, when it should have been tried by the Court. There was no error in this. Section 36, p. 230, 1 R. S.

1852, provides that an appeal from a decision of the board of commissioners shall be tried as an original cause; but it does not provide that it shall be tried in the same manner as by the commissioners. The board of commissioners, sitting as a Court, has no jury, and the allowance of claims by them is a special proceeding; but when a cause is pending in a court which has a jury, their opinion may be taken on any question of fact arising in the cause. *Lapreese* v. *Falls*, 7 Ind. R. 692.— *Kemp* v. *Smith*, *id.* 471.

A certificate was admitted in evidence for the plaintiffs against the defendants' objection, as follows:

"State of *Indiana, Fayette* county. I, *Augustus H. Hotchkiss*, clerk of the board of trustees of *Connersville* township in said county, do hereby certify that the above account was duly presented to the board of trustees of said township, acting as overseers of the poor, and was by said board declared correct, and the same is recommended to be paid by the board of commissioners of said county. In testimony whereof, witness the name of the president of said board, attested by the clerk, this 7th day of *June*, 1854. *G. Stradley*, Pres't. Attest: *A. H. Hotchkiss*, T'p. Clk."

This certificate does not purport to be a copy of any order of the board of trustees, taken from their records, but still, we think it was competent evidence for one purpose, at least. Each member of that board is, *ex officio*, an overseer of the poor. 1 R. S. p. 401, s. 2. *The Board of Commissioners, &c.*, v. *Jones*, 7 Ind. R. 3. The certificate tended to show that the services were rendered at the instance of at least one member of the board, and not voluntarily. Whether it was sufficient for that purpose we do not decide.

The defendants offered in evidence a record of their board, made at a special meeting held on the 31st of *December*, 1853, which recited that they had assembled at the call of the auditor, for the purpose of contracting for the services of a physician for *Connersville* township, to give such attendance upon the paupers of said town-

Nov. Term,
1856.

THE BOARD OF
COMM'ERS OF
FAYETTE Co.
v.
CHITWOOD.

ship as the overseers of the poor might deem necessary; and an order for the appointment of Dr. *S. Vance* for one year, if he would accept the appointment, for the sum of 100 dollars, and would agree to render such services as the paupers and prisoners in jail might need; also the acceptance of Dr. *Vance* of their proposal.

The plaintiffs objected to this evidence on the ground that there was no legal authority for the board of commissioners to hold such special session, and that the order was, therefore, void; also, that they had no power to appoint a physician for one township of a county.

The board of commissioners is a court of special and limited jurisdiction. It holds four terms a year, on the first *Mondays* of *March, June, September*, and *December.* 1 R. S. p. 225, s. 6. It is required to keep a record of its proceedings. *Id.* ss. 7, 14. It is not authorized to meet at any other time, and can only transact business as a board when in session. *Archer* v. *The Board of Commissioners*, &c., 3 Blackf. 501.—*Campbell* v. *Brackenridge*, 8 *id.* 471. We are, therefore, of opinion that the order relied on, unsupported by any evidence that the contract had been confirmed by the board when legally in session, as by their adopting it, or ordering payment upon it, was not valid, and was properly excluded.

The other objection to the contract, we think, is not well taken. The commissioners are required to contract with one or more skillful physicians to attend upon prisoners and paupers in the county asylum; and they may contract with physicians to attend upon the poor generally, in the county. 1 R. S. p. 101, s. 8. They are authorized to employ, not one physician, but physicians; and it would be unreasonable and inconvenient if they were not permitted to employ one for one part of the county, and another for another part.

The defendants offered to prove by *Piper* and *Hinkson*, two of the overseers of the poor, that the certificate given in evidence was obtained from the trustees by fraud. They stated that they had authorized their clerk to make the certificate, which was signed by their presi-

dent and clerk. The alleged fraud consisted in their representation that they wished the certificate solely for the purpose of getting their claim before the board of commissioners. On the plaintiffs' objection, this testimony was excluded. The testimony, if given, would have been no proof of fraud. There is no pretense that they were deceived as to the contents of the certificate. Its purport was open and apparent, and it does not seem to have been put to any fraudulent or illegal use.

Nov. Term, 1856.

THE BOARD OF COMM'RS OF FAYETTE Co.
v.
CHITWOOD.

It is assigned for error that the Circuit Court should have granted a new trial, because the proof was insufficient to sustain the verdict. This error we think well assigned. The certificate above. recited seems to have been regarded as evidence of the correctness of the account, as no other proof was offered on that subject. We have shown that, as the act of one trustee, it was evidence for a different purpose. The civil township is a corporation, represented by a board of trustees, who are required to keep a true record of all their proceedings. 1 R. S. p. 495, s. 9. They, like the board of commissioners, can only speak by their record. The certificate given in evidence did not purport to be a transcript from that record. Whether, as a board, they have any power to pass upon claims, it is not necessary to decide. So far as appears, they have not attempted to do so. If they have any power to act upon claims, their action is evidently not conclusive. The commissioners are the guardians of the county treasury, and it is their duty to protect it. There was no proof whatever before the jury of the correctness of the plaintiffs' account. Consequently the verdict was wrong.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*B. F. Claypool* and *N. Trusler*, for the appellants.
*J. S. Reid* and *S. Heron*, for the appellees.