# IN SPECIAL TERM.

## The Indianapolis Hotel Company *v.* The Board of County Commissioners of Marion County.

### *Board of Commissioners—Contract with, when valid.*

The Board of County Commissioners is a Court of special, and limited jurisdiction—it can only transact business as a Board when in session.

The County is not made liable on the certificate of the architect, employed by the Commissioners for a special duty, for materials furnished, if the order, or contract for the materials had not been confirmed by the Board, when legally in session.

Where the complaint shows a good cause of action, in this, that the material was furnished, and delivered at the special instance and request of the architect, and was used by direction of the Commissioners—

*Held:* That an action will lie for the value of the material furnished, irrespective of the alleged special contract.

*Porter, Harrison & Hines,* for plaintiff.

*Barbour & Jacobs,* for defendant.

Newcomb, J.—A demurrer to the complaint in this case presents the question of the liability of the County to pay

The Indianapolis Hotel Company *v.* The Board of County Commissioners.

for a quantity of earth and sand delivered on the public square in Indianapolis.

The complaint in a single paragraph alleges—

*First*, That on April 20th, 1870, Aaron McCray and Joseph K. English, then acting Commissioners of Marion County, entered into the following contract with plaintiff:

" We, the undersigned Commissioners of Marion County, hereby authorize the Indianapolis Hotel Company to deposite the surplus earth taken from the excavation of their cellar, on 'the Court House Square, under the direction of Isaac Hodgson, the Court House architect, the same to be paid for at such price per yard as the said architect may fix upon.

　(Signed)　　　　　　　　　　Aaron McCray.
　　　　　　　　　　　　　　Joseph K. English."

*Second*, That on the 15th day of June, 1870, the Board of County Commissioners, being then in session, at the Court House, as a Commissioners' Court, entered into a contract with one Isaac Hodgson, by which he was appointed architect and superintendent of the new Court House about to be erected by the Commissioners, and he was empowered, among other things, " to employ all the hands, and make all contracts for work and materials, *subject to the approval of the Board of Commissioners.*" And further, that said architect should " make all the estimates, and certify all allowances for work, and materials." That after said appointment of Hodgson as architect, &c., the latter contracted with plaintiff for the delivery of the surplus earth, and sand, from the excavation of the cellar of said Hotel Company, to be delivered at the Court House yard, to be used as material in the construction of the Court House, &c., and agreed with plaintiff that the same should be paid for by said County, by the yard, at the customary price of such material.

*Third*, That in pursuance of said contract so made by

said McCray and English, "and ratified, confirmed and re-made," by said Hodgson as such architect, and agent of the County, and at his special instance and request, plaintiff delivered to the County 5,266 yards of earth, and the same quantity of sand, which was received and used by the Board of Commissioners in the construction of the Court House, and that said earth, and sand was worth, in the aggregate, at the time, and place of delivery, $7,372.40. That afterward Hodgson made a measurement, and estimate of the material so delivered, and certified the same, fixing the value thereof at $6,055.90.

*Fourth,* That plaintiff laid said account before the Commissioners, who refused to allow the same, but passed an order allowing plaintiff $3,000, not admitting the liability of the County on any contract, or any liability beyond the sum of $3,000, which was their estimate of the value of the material to the County, and stipulating that plaintiff might accept the sum so allowed, without being estopped from prosecuting her claim for the residue alleged to be due.

Is the County liable on the alleged contract entered into by McCray and English? Clearly not. The Supreme Court, in the case of *The Board of Commissioners of Fayette County* v. *Chitwood,* 8 Ind., 506, said: "The Board of County Commissioners is a Court of special, and limited jurisdiction. * * It is required to keep a record of its proceedings. It can only transact business as a Board when in session." And in that case it was held that an order of the Commissioners made at a special session, not held pursuant to law, was invalid, unless confirmed by the Board when legally in session, as by adopting it, or ordering payment upon it. The same general principle is enunciated in *Campbell* v. *Breckinridge,* 8 Blackf., 471. The contract of McCray and English was not made by them when sitting as a Board of Commissioners, and consequently created no liability on the part of the County. Indeed, plaintiff's coun-

The Indianapolis Hotel Company *v.* The Board of County Commissioners.

sel concede that, of itself this contract is not sufficient to sustain the action.

Nor do I regard the contract made by Hodgson as obligatory on the County. By the terms of his employment he was not empowered to make contracts absolutely, but only subject to the approval of the Board of Commissioners.

The complaint shows that the Board of Commissioners refused to approve this contract, and expressly disclaimed it. Nor is the plaintiff's claim strengthened by the allegation that the architect measured the material furnished by plaintiff, and fixed a price upon it, because, his authority to make estimates, and certify allowances, could be exercised only in those cases where supplies had been furnished pursuant to a contract approved by the Board of Commissioners.

But there is enough in the complaint to sustain an action for material furnished, independent of the contracts of the two Commissioners, and the architect, and to enable the plaintiff to recover the actual value of such material. It is charged that the earth, and sand was delivered at the special instance, and request of the architect, that the Commissioners have used the same in constructing the Court House, and that it is worth a certain sum. For this reason the demurrer is overruled.