McCabe *v.* The Board of Commissioners of Fountain County.

County Commissioners.—*Parol Contracts of.*—A parol employment by the board of county commissioners, at a legal session, of an attorney to defend a suit brought against the county is valid, and such attorney, having rendered the service involved in his employment, may recover compensation therefor.

Same.—In employing counsel, the board of county commissioners acts as a corporation, and, like other corporations, may employ agents and attorneys without making such employment a matter of record; but this must be done by the concurrent act of a majority of the board at a legal session.

From the Marion Civil Circuit Court.

*R. C. Gregory* and *J. McCabe,* for appellant.

*M. Milford,* for appellee.

Downey, J.—This action was commenced in the Fountain Common Pleas, and by change of venue was finally tried and decided in the Marion Civil Circuit Court. The action was brought by the appellant against the appellee for services rendered as an attorney and counsellor at law for the appellee, in an action or proceeding by mandate, by the Indianapolis, Bloomington, and Western Railway Company against the said board of commissioners, in the Fountain Circuit Court, and in the Supreme Court. The proceeding by mandate was to enforce the claim of the said railroad company to the proceeds of a tax which had been voted, levied, and collected, to aid in the construction of its road, and it was decided in favor of the board of commissioners. The only paragraph of the answer, to which demurrers were not sustained, was the general denial.

There was a trial by jury, a verdict for the defendant, a motion for a new trial made by the plaintiff overruled, and final judgment rendered.

Only one error is assigned, and that is, the refusal of the court to grant the plaintiff a new trial.

A single ground is assumed in opposition to the ruling of the court in refusing a new trial, and that is the exclusion by

the court of parol evidence offered by the plaintiff to prove the retainer of the plaintiff by the commissioners, there having been no entry made on the minute or order book of that fact. The plaintiff offered to prove by a competent witness that the board of commissioners, at a regular and legal session, after the proceeding in mandate was commenced, and while the same was pending in the Fountain Circuit Court, authorized the witness, who was then the attorney for said board, by an oral direction, to employ the plaintiff as an attorney and counsellor at law, that being his profession, to assist in the defence of said proceeding in mandate ; that in pursuance of such authority, the witness did employ the plaintiff as such attorney to assist, etc., and that after such employment, and before the plaintiff entered upon the defence of the action, the witness and the plaintiff went before the board, then in regular and legal session, and informed the board of such employment, and received for reply, by two of said commissioners, "It is all right ;" that thereupon the plaintiff, by their direction, drew up the affidavit for change of venue, etc., which was signed by two of the members of said board, and, in their presence, presented to said Fountain Circuit Court ; that the board, at a regular and legal session thereof, directed the plaintiff orally, in case of defeat in the circuit court, to appeal said cause to the Supreme Court, etc.; that the plaintiff appeared in said cause in the Fountain Circuit Court, and, on appeal, in the Supreme Court ; that after the decision of the case in the Supreme Court, the board made an order for the repayment of the tax paid to those from whom it had been collected.

To the introduction of this evidence, the defendant objected, on the ground that the defendant could only speak by its record, in the employment of counsel to defend it in court, and that it was incompetent for such board to employ counsel to defend a suit against them by a parol agreement not entered of record in the proper record of their proceedings. The court sustained this objection, and refused to

allow this testimony to be introduced, on the ground afore-said.

We understand, from the bill of exceptions, that there was no claim that any order employing the appellant had been entered of record. It was not claimed that there was any evidence of a higher degree than that offered. But the question was, and is, could the commissioners employ or appoint an agent to employ counsel by a parol order—an order not entered of record on their minute or order book? The offer was to prove that the parol order was made when the board was in regular and legal session, and that it was made by the board, or a majority of them. The only question is, must it have been entered of record, and proved by the record?

We think it clear that the board of commissioners of a county is to be viewed as capable of acting in several capacities. It is undoubtedly true that the board is a corporation. The statute by which the board is created expressly declares, that "such commissioners shall be considered a body corporate and politic by the name and style of," etc., "and as such, and in such name, may prosecute and defend suits, and have all other duties, rights and powers incident to corporations, not inconsistent with the provisions of this act." 1 G. & H. 248, sec. 5.

There is as little doubt that the board is a judicial tribunal. 1 G. & H. 249, secs. 9, 10, and 11; *The State* v. *Conner*, 5 Blackf. 325; *The State, ex rel. Reynolds*, v. *The Board of Commissioners of Tippecanoe Co.*, 45 Ind. 501. Of its proceedings when acting as a judicial tribunal, a record must be made. 1 G. & H. 249, sec. 7; 1 G. & H. 250, sec. 14. We think a distinction may be made between the action of the board as a judicial tribunal and its acts as a corporation simply. In the former case, it seems settled that the acts of the board, like the acts of any other judicial tribunal, must be evidenced by its record, at least while the record remains in existence, and not by parol. To this effect is the case of *The Board of Commissioners, etc.*, v. *Cutler*, 7 Ind.

·6, where it is said: "they can only speak by their record, when sitting as a court, and if their determination was not entered of record, there was no decision." And see *The State* v. *Conner*, 5 Blackf. 325.

We do not find any case which decides that the board, when acting as a corporation merely, must enter its action of record, to make it binding upon the county, or that requires that, in proving such act, it must be proved by a record made under the direction of the board. We have not discovered anything in the statute relating to the board of commissioners, or its powers and duties, which would seem to prevent it from contracting within its legitimate sphere as other corporations may contract. Doubtless, the action must be at a time when the board may be, and is, legally in session; and it must be the concurrent, and not separate and successive, act of the members. *The Board, etc.,* v. *Chitwood,* 8 Ind. 504; *Archer* v. *The Board, etc.,* 3 Blackf. 501; *The Board of Commissioners, etc.,* v. *Ross, post,* p. 404. If we are correct in this view of the question, the commissioners may contract in the same manner as any other corporation. The rule relating to the manner in which a corporation may bind itself has in modern times undergone a great change. In the work of Angell & Ames on Corporations, sec. 237, the rule is laid down, "that the acts of a corporation, evidenced by vote, written or unwritten, are as completely binding upon it, and are as complete authority to its agents as the most solemn acts done under the corporate seal; that it may as well be bound by express promises through its authorized agents, as by deed; and that promises may as well be implied from its acts and the acts of its agents, as if it had been an individual." A long list of authorities is referred to in support of this now well established rule. No question is made, or could be made, as to the power of the board of county commissioners, in proper cases, to employ counsel to prosecute or defend an action in which the county is interested.

In our opinion, the ruling of the circuit court was erroneous. See *Ross* v. *The City of Madison,* 1 Ind. 281.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

Petition for a rehearing overruled.