## THE BOARD OF COMMISSIONERS OF CASS COUNTY *v.* ROSS ET AL.

COUNTY COMMISSIONERS.—*Power to Bind County.*—*Attorney.*—The board of county commissioners can not render the county liable for services rendered by an attorney as such by a contract with such attorney, or an employment of him, when such board is not in session according to law, or when the members of the board are acting successively and separately.

From the Cass Circuit Court.

*H. C. Thornton,* for appellant.

*N. O. Ross* and *R. Magee,* for appellees.

DOWNEY, J.—The appellees filed an account against the county, consisting of several items, for services as attorneys rendered by them.    The commissioners would allow only a part thereof.    The appellees appealed to the circuit court, where there was a trial by the court, a finding for the plain-

·tiffs, a motion for a new trial made by the defendant over-ruled, and judgment on the finding. The error assigned is the refusal to grant a new trial. There is no brief for the appellees.

There was no record evidence of any contract with or ·employment of the appellees by the commissioners, nor does it appear that the commissioners at any time or in any man-ner, while sitting as such, made any contract with them for such services, or employed or retained them in such business. According to several cases decided in this court, the com-missioners can bind the county only when in session accord-ing to law, and acting concurrently. It would be making a dangerous precedent to hold that they could do acts binding on the county when not in session, or when acting succes-sively and separately. See *The Board of Commissioners of Fayette Co.* v. *Chitwood,* 8 Ind. 504; *Campbell* v. *Brackenridge,* 8 Blackf. 471 ; *Archer* v. *The Board of Commissioners of Allen Co.,* 3 Blackf. 501; *English* v. *Smock,* 34 Ind. 115.

The judgment is . reversed, with costs, and the cause remanded, with instructions to grant a new trial.