## THE DOUGLAS COUNTY ROAD CO., RESPONDENT, *v.* SOLOMON ABRAHAM ET AL., APPELLANTS.

HIGHWAY—DEDICATION.—Under the principles of the common law, a road or highway may be established by dedication and user. There is nothing in the road laws of Oregon rendering these principles inapplicable.

CHANGE IN LINE OF ROAD OF NO EFFECT.—A slight change in the thread of the road will not operate to defeat the rights of the public.

CORPORATIONS CANNOT APPROPRIATE HIGHWAY.—No corporation has the legal right to appropriate a highway, established by dedication and user, without, in the first place attempting to make an agreement with the County Court in relation thereto.

THE COUNTY COURT SPEAKS THROUGH ITS JOURNAL.—The County Court or Board of County Commissioners can speak only through the journal.

*Per Shattuck and Prim, JJ., dissenting:*

AN AGREEMENT WITH THE COUNTY COURT MAY ACQUIRE FORCE AND VALIDITY, THOUGH IT SHOULD NOT APPEAR UPON THE RECORD.—An agreement signed by the county judge and one commissioner, and left with the clerk to file, must be deemed the agreement or act of the court from the time when it might have been entered of record.

APPEAL from Douglas County.

The decree appealed from perpetually enjoins the appellants from erecting or maintaining the toll-gate described in the complaint, or obstructing or interfering with the road claimed by respondent. The amended complaint alleges that plaintiff was, at the time of the grievances complained of, a private corporation, duly incorporated for the purpose of constructing and maintaining a toll-road on the line described, and that the road is surveyed and the map of the survey filed in the office of the secretary of the corporation.

That said route extends along and upon a public highway long before duly established as a public highway. That on or about January 26, 1874, plaintiff commenced constructing its road, and that the County Court of Douglas County, at its April term, 1874, entered into an agreement with plaintiff authorizing plaintiff to use and occupy said highway.

That it is one of the conditions of said agreement that plaintiff may use all bridges along the line of the road as far as they can be made available. That plaintiff is engaged in building its road, but that defendants have unlawfully entered upon said highway and erected and maintain a toll-gate upon one of the bridges upon it, and that they assume to charge and collect tolls for travel upon said road. That the highway is thereby obstructed, and plaintiff is hindered and prevented and is unable to repair the bridge or to prosecute its business.

Each of these allegations is denied in the answer; those concerning the incorporation of respondent, and its alleged agreement with the County Court, for want of knowledge or information sufficient to form a belief.

The answer then alleges, as a separate defense, that the Canyonville and Galesville Road Company is a private corporation, duly incorporated for the purpose of constructing and maintaining a toll-road over the route described in the complaint. That it was, at the times described in the complaint, the owner of a franchise to construct and maintain a toll-road along the route at the places described in the complaint, and to maintain its toll-gate, and to collect the tolls for travel on the road; and that all acts done by defendants in and about the road and toll-gate, were rightfully done by them as agents and servants of that corporation. It alleges that the line and route was surveyed and adopted by the Canyonville and Galesville Road Company as the definite location of its road before its attempted location as a county road.

The reply denies each allegation of new matter in the answer, and alleges that, at the time of the incorporation of the Canyonville and Galesville Road Company, the line and route of its survey, and definite location, was occupied and used by the Canyon Road Company, another corporation, which was afterwards dissolved.

The other material facts are stated in the opinion of the Court.

*William R. Willis and Watson & Lane*, for Appellants.

*J. F. Gazley and W. W. Thayer*, for Respondent.

By the Court, McArthur, J.:

This suit was instituted by the Douglas County Road Company against Solomon Abraham and others, to enjoin them from erecting and maintaining the toll-gate described in the complaint, and from obstructing and interfering with the road claimed by said company. The decree of the court below was based upon the following findings of fact:

1. That the road described in the complaint has been used by the public continuously twenty-five years, and is situate in Douglas County.

2. That the plaintiff is a private corporation, and incor-

porated under the general incorporation laws on the 20th day of December, 1873.

3. That the plaintiff, on the 10th of April, 1874, entered into a contract with the County Court of Douglas County for the appropriation and occupation of said road.

4. That the defendants have obstructed said road by erecting a toll-gate thereon.

The statement accompanying the transcript sets out very fully the testimony offered by the parties in the court below, and has been very carefully examined into by this Court. All the questions of law arising herein have also been fully considered. The case was fully presented and thoroughly argued. Notwithstanding all these facts, we have been unable to arrive at a unanimous conclusion.

Upon the first point a majority of the Court have reached the conclusion that the road in suit has been used continuously for twenty-five years by the public. From this finding arises the question whether in this State a public highway can be thus established.

That a highway may derive its existence from the dedication of the land over which it passes, is a principle too firmly fixed in our jurisprudence to be now questioned or shaken. As was said in *Carter & Mason* v. *City of Portland* (4 Or. 339), the dedication may be by grant or rest in parol. Furthermore, it may be manifested by acts inconsistent with any other inference. Where there can be no direct proof of acts of dedication, proof of actual public use, general, uninterrupted, continuing for a length of time, will be sufficient to raise a presumption of a dedication, and where the length of time of such use by the public has been greater than the period prescribed by the Statute of Limitations for the recovery of real property, that will be regarded as sufficient evidence of the existence of a highway independently of any supposed dedication. (Washburn on Easements and Servitudes, ch. 1, § 5, and cases there cited; *Oustott* v. *Murray*, 22 Iowa, 457; *Ewell* v. *Greenwood*, 26 Id. 377; *Daniels* v. *The People*, 21 Ill. 442; *Lewiston* v. *Proctor*, 27 Ill. 417.) The value and applicability of the cases cited arise from the fact that in them the law is laid

down independently of the statutes existing in Iowa and Illinois upon the subject of highways and county roads.

The result of the authorities, therefore, is that a road or highway may be established by dedication. Washburn, in the work, and in the section above cited, after referring to cases from various States, declares this to be the settled doctrine of the common law of this country generally. There is nothing in the road laws of Oregon which, in my opinion, renders the application of these principles of the common law to highways in this State at all improper, and in my judgment there is no force whatever in the proposition that as the laws of this State provide for the establishment of county roads in a certain prescribed manner, therefore roads cannot be acquired in any other manner. In order to exclude the application of the principles of the common law there must be something in the statute expressly or by necessary and reasonable implication declaring or indicating their inapplicability. After a careful review of the statutes, I am of opinion that they contain no expression or implication against the doctrine which sanctions the establishment of highways by dedication and public user.

I am also of opinion that a slight change in the thread of the road will not operate to defeat the rights of the public, and the same length of user will not be required to constitute prescription or dedication as to the portions changed. (11 Met. 421; 7 John. 106; 2 Washb. on Real Prop. 175; 19 Pick. 405; 13 Wisc. 663.)

No corporation has the power or legal right to appropriate a highway by user without in the first place attempting to make an agreement with the County Court in accordance with the provisions of the Miscellaneous Laws, page 530, § 26.

Upon the second point I am of opinion that the testimony establishes that the Douglas County Road Company was duly organized on December 20, 1873. The fourth point found by the court below is also fully warranted by the testimony.

I cannot, however, reach the conclusion that the road

company entered into a contract with Douglas County for the occupation and appropriation of the road in controversy. The testimony submitted tended to show that the county judge and one commissioner executed the instrument relied on, and that it was filed in the county clerk's office. It was not, however, as it should have been to make it available as evidence, entered in the journal. In order to prove a contract with the county it should have been so entered. The County Court or Board of County Commissioners can speak only through the journal. (8 Ind. 504; 6 Cal. 541; 7 Ind. 6.)

Had this suit been between the road company and the county it might have been otherwise, for as between those parties equity would consider that done which should have been done. When, however, a party claims the benefit of a contract with the county in a suit with a third person and a stranger to the contract, it must be shown that the contract was duly made and entered in the journal. Conceding, for the sake of illustration, that the plaintiff has proved the alleged contract, the case then stands in a somewhat similar position of a judgment rendered and not entered of record. In such case the judgment must *first* be entered upon the record before it is admissible as evidence in other courts. (Freeman on Judgments, § 38.)

Decree reversed.

Mr. Chief Justice Bonham and Mr. Justice Burnett concurred.

Shattuck, J., dissenting:

The decree of the court below should, in our opinion, be affirmed; and our opinion is grounded on the following considerations: The road in question was, at the time the plaintiffs undertook to deal with the authorities of Douglas County concerning it, a "public road" or highway, within the meaning of the statutes relating to the powers and jurisdiction of the County Courts, and those relating to the subject of roads and private corporations. It was such public road by user for a period of more than twenty-two years. The public have traveled it and made a thoroughfare and

highway of it continuously, as the evidence shows, since 1849; the Government of the United States spent large sums of money upon it; the Territorial Legislature adopted it as a Territorial road; the State statute of 1860 declared all Territorial roads (and this of course was included), county roads; the county of Douglas, in 1862, exercised control over it as a county road. Upon these facts, we think it could not have been deemed, April 6, 1874, anything less than a public road.

The plaintiffs, as a duly organized corporation, undertook, April, 1874, to agree with the County Court of Douglas County concerning the extent, terms and conditions upon which the road should be appropriated by the corporation. An agreement in writing was made, which we think is valid and binding. The objection that it was not entered in the journal of the County Commissioners' proceedings, or some order concerning it recorded, is technical merely, and not substantial. The contract is in due form; purports to be done in term time, before two members of the County Commissioners' Court. It is authenticated by the official signatures of the county judge and one of the county commissioners, and of the county clerk, and is on file with the clerk of the County Court, and a duplicate, under the seal of the county clerk, is in the hands of the plaintiffs. Were it found entered in the journal of the County Court, as of the day of its date, it is conceded that it would be unobjectionable.

We cannot conceive that the mere ministerial act of entering it, which might have been done by the clerk at any time after the term without an order, or at any subsequent time by an order of the court or judge, could add to its force or validity; and we think, that whenever it might have been, or may be, entered in the book, it must be deemed the agreement or act of the court at the time it was signed by the judge and commissioner, and left with the clerk and filed. (28 Cal. 335 and 416.)

The defendants, whether as private individuals or as representatives of another corporation, were intruders and wrongdoers. As individuals, they clearly have no right;

and as no turnpike road company can lawfully put gates across the public roads without an agreement with the County Court, the defendants can claim nothing as representatives of such company, and the injunction was properly issued.

Mr. Justice PRIM concurred in the dissenting opinion.