W. C. HUFFMAN v. THE BOARD OF COMMISSIONERS OF GREENWOOD COUNTY.

COUNTY ATTORNEY; *Official Duties; Compensation.* Where a county attorney goes beyond the limits of his county to do business for his county, at the instance and with the consent of the county board, he may recover reasonable compensation for such services, in addition to his salary, although there is no express contract between the attorney and the board that he shall receive compensation therefor. The law implies a contract.

*Error from Greenwood District Court.*

W. C. HUFFMAN, plaintiff in error, was county attorney of Greenwood county in 1875. In September, 1876, he brought suit in the district court for $500, for services rendered by him in 1875 for his county, at the request and instance of the board of county commissioners, in the case of The State v. Nicholas, tried in Lyon county on a change of venue from Greenwood. Nicholas had been county treasurer of Greenwood county, and was charged with the embezzlement of funds and property of the county to a large amount. The answer of the defendants alleged that at the time of the alleged service plaintiff was the county attorney of Greenwood, and that his attendance in Lyon county at the trial of the criminal action against Nicholas, was in the capacity of a witness only. Trial was had before the court, a jury being waived. A general finding was rendered for the defendants, and judgment entered in their favor. The plaintiff brings the case here.

*Clogston & Martin,* for plaintiff in error.

*Geo. C. Rogers,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the trial, the plaintiff produced testimony fully sustaining his cause of action. The defendants' evidence proved that the county board conveyed the plaintiff from Eureka, in Greenwood county, to Emporia, in Lyon

county, twice, in very cold weather, to assist in the case of *The State v. Nicholas;* that he rendered service in the case in Lyon county, and that he paid his own bills there. It was also shown by the defendants, that he was not taken to Emporia as a witness, as they testified the board had no thought of the plaintiff being a witness, until he claimed his fees. The county board seemed to labor under the impression that the services sued for were rendered as county attorney, and the trial court apparently held, that as the evidence of the defendants contradicted the testimony of the plaintiff concerning an express contract between plaintiff and the county board for the services, no contract was proved, and therefore the county was not liable. Here was error. As the services charged for were rendered in the prosecution of a case beyond the limits of Greenwood county, and as plaintiff attended personally the court outside of said county, the services for the county performed in Lyon county were beyond and outside of his duties as county attorney. Nor was it necessary, in order that the plaintiff might recover compensation for the services, that an express contract or employment be proved. It is well settled, that a corporation can be bound by an implied contract. The commissioners have general charge of the county business, and the plaintiff attended the court in Lyon county personally at their instance, and with their consent. While there, he performed certain services as an attorney, of some value to the county of Greenwood. These services were so performed at the instance, and with the consent, of the county board. The law implies a contract between the plaintiff and the board. Where a county attorney performs services for a county, under such circumstances as were shown upon the trial, the plaintiff ought to have recovered the value of his services performed in the case in Lyon county. "Where there is an express contract, that will control, and the rights of the parties must be settled by it; but when there is no express contract, the law may imply one, when a party knowingly receives and appropriates to his own use the property of another." So likewise, if a party asks and receives services of

another which are of value. (*Butler v. Commissioners of Neosho County,* 15 Kas. 178; *Commissioners of Leavenworth County v. Brewer,* 9 Kas. 307.)

The judgment of the district court will be reversed, and the case remanded for a new trial, in accordance with the views expressed in this opinion.

All the Justices concurring.