Filed January 21, 1896.

---

No. 1,700.

## THE BOARD OF COMMISSIONERS OF DEKALB COUNTY *v.* THE AUBURN FOUNDRY AND MACHINE WORKS.

COUNTY.—*Repairs on County Buildings.—Liability for Benefits.*— A county is liable for the benefits received from labor done and materials furnished in making repairs in county buildings, under a contract with the county commissioners, although the contract is *ultra vires*, because the board was not in session when it was executed.

SAME.—*Liability for Claim for Repairs on County Buildings.*—A claim for labor done and material furnished in repairing county buildings is not defective in this State, because made against the commissioners of the county, and not against the board of commissioners.

COUNTY COMMISSIONERS.—*Allowance of Claim.—Conclusive Adjudication.*—The allowance or refusal to allow a claim against a county in this State, by the board of commissioners, does not necessarily constitute an adjudication which is conclusive if not appealed from.

EVIDENCE.—*Mechanics' Lien.—Work and Materials Furnished at Request of County Commissioners.—Former Adjudication.*—It is competent to show by parol that work done and materials furnished at the request of the county board of commissioners, in addition to that called for by written contracts, was not litigated in a former allowance by the board of a claim under the written contract, even if such allowance be considered an adjudication.

INTERROGATORIES TO JURY.— *When Will Not ‘ Override General Verdict.*—Answers to interrogatories will not override the general verdict, unless they are absolutely irreconcilable with it upon any reasonable hypothesis.

From the Steuben Circuit Court.

*Croxton & Powers* and *W. L. Penfield,* for appellant.

*J. W. Baxter, C. A. O. McClellan* and *F. S. Roby,* for appellee.

LOTZ, J.—The appellee filed and presented to the board of commissioners of DeKalb county a claim for money, and asked that it be allowed.    This was refused and appellee then appealed to the circuit court of DeKalb county.    The venue was changed to the Steuben Circuit Court.    In the latter court the cause was tried by a jury, and a general verdict of $100.00 returned in favor of appellee, upon which judgment was rendered.

Assignments of error call in question the sufficiency of each paragraph of the complaint to withstand appellant's demurrer for want of facts.

The first paragraph avers in substance that on the 20th day of November, 1892, the defendant requested the plaintiff to furnish certain materials and do certain work in the repair of the county jail ; that while the repairs were in progress it was ascertained that it would be necessary to place a new boiler in the stead of the old one situate therein ; that thereupon on the 6th day of December, 1892, the plaintiff and defendant entered into a written contract in which the plaintiff agreed to build and complete the boiler, and for which the defendant agreed to pay the sum of $490, and the costs of attaching ; that about the same time the defendant concluded to heat the court-house by steam, and that the plaintiff and defendant thereupon entered into another written contract, in which the plaintiff agreed

Board of Com's of DeKalb Co. *v.* Auburn Foundry & Machine Works

to build and complete the steam plant necessary to heat the court-house, specifying particularly the articles that should be furnished, and stipulating that the plant so furnished should be connected with the boiler in the jail, the same to be in running order and to the satisfaction of the defendant, for which the defendant agreed to pay the sum of $1,250 ; that after the execution of the contracts the plaintiff commenced to build and construct the steam plant and boiler under the written contracts ; that during the time it was so engaged at work the defendant ascertained that it would be necessary to replace many of the attachments, valves and pipes therein in use in the jail, which were old and almost worthless ; and that it would be necessary to make a doorway and entrance to the jail, and to connect the steam plant with the water-closets adjoining the jail ; that the defendant requested the plaintiff to proceed and do all such work and to furnish all the materials necessary to complete the same, which the plaintiff proceeded to do, and that under such parol contract the plaintiff performed work and furnished materials of the value of $600 ; that the plaintiff fully performed its part of the written contracts, and the defendant settled and paid it the contract price agreed upon, and that the defendant also paid it for the repairs made before the written contracts were executed ; that there is due and unpaid on account of the additional work and materials furnished under the parol contract the sum of $600.    Filed with this paragraph as exhibits are copies of the written contracts and itemized statements of account for the labor done and material furnished.

The second paragraph declares on account for work and labor, and materials furnished.

The appellant contends that each paragraph is bad because there is no averment that the board of commis-

sioners were in session at the time the contracts were made, or the request made for the work and materials, and the case of *Archer* v. *Board, etc.*, 3 Blackf. 501, is relied upon as being decisive of this question. The case cited gives some support to this contention, but the later cases hold that it is not necessary to allege all the steps which the law requires to be taken in order to render the county liable. *Board, etc.*, v. *Shrader*, 36 Ind. 87.

If the contract were an executory one, it might be necessary to prove that it was entered into while the board was lawfully in session, but when the contract has become executed and the county has obtained a benefit under it, it will be liable for the benefits received, although the contract was *ultra vires. Smith* v. *Board, etc.*, 6 Ind. App. 153, and cases there cited; *Wright* v. *Hughes*, 119 Ind. 324.

It has been decided by this court that the county is liable upon an implied contract. *Board, etc.*, v. *Trees*, 12 Ind. App. 479.

It is next insisted that the complaint is bad because the claim is made against the "commissioners of DeKalb county" and not against the "board of commissioners of DeKalb county." There is no merit in this contention. *Board, etc.*, v. *Loeb*, 68 Ind. 29.

Several paragraphs of answer were filed; the general denial, payment, former adjudication, set-off and counterclaim. The jury, with their general verdict, returned answers to interrogatories. It is insisted that the special findings overthrow the general verdict. It appears from the evidence and findings that the appellee, after all the work had been done, filed its claim before the board for the sum of $1,740, being the full amount of the contract price under the written contracts, and that the same was allowed by the board, and that the allowance still remains in full force and unappealed from. It is insisted

that the written contracts and additional work done by the request of the board while complying with them constitute a special transaction, and that the allowance constitute an adjudication and settlement of all the matters contained in this controversy.

The allowance or the refusal to allow a claim against the county by the board of commissioners does not necessarily constitute an adjudication. *Board, etc.,* v. *Nichols,* 139 Ind. 611; *Bowen* v. *Hester,* 144 Ind. Sup. 511.

If it be conceded that the allowances made by the board in this case were adjudications, it does not follow that the claim for the additional work and labor and materials were adjudicated. The allowances were on account of the special contracts, while the claim here in controversy arises out of a parol contract. It was proper to show by parol that the claim in controversy was not litigated in the former allowances. There was evidence tending to show that this claim was not included in the former allowances. This being true, this court cannot disturb the verdict under such circumstances. The same conclusion is reached if the allowances be considered as a settlement.

Answers to interrogatories will not override the general verdict unless they are absolutely irreconcilable with it upon any reasonable hypothesis. *Keely Brewing Co.* v. *Parnin,* 13 Ind. App. 588. No such conflict exists in this case. In fact, the answers tend to support rather than to overthrow the general verdict.

It is further contended that the court erred in admitting certain evidence offered by the appellee. The record in this case is voluminous, containing nearly twelve hundred pages. The appellant has not complied with the rules of this court in making marginal notes, nor is our attention called to the pages where the alleged

error occurs.    Under these circumstances, and consider-
ing the small amount of recovery, this court will not
search the record.    *American Fire Ins. Co.*, v. *Sisk*, 9
Ind. App. 305.

Judgment affirmed.

Filed January 22, 1896.