### L. D. TREEMAN v. THE CITY OF PERRY.

(Filed July 6, 1901.)

CITY COUNCIL—Employment of Attorney by—Cityι Warrants, Validι When. The common council of a city of the first-class has the power, by ordinance, or resolution passed in open meeting by such body, held in the regular way, to employ an attorney to assist the city attorney in any legal matters in which the city is. interested, and city warrants, regularly issued and delivered for such services, are legal and binding against such city.

(Syllabus by the Court.)

*Error from the Probate Court of Noble County; before Ethan.*

*Allen, Probate Judge.*

*P. W. Cress* and *J. L. Pancoast.* for plaintiff in error.

*J. W. Quick,* for defendant in error.

Opinion of the court by

BURWELL, J.: This is an action commenced in the probate court of Noble county by L. D. Treeman against the city of Perry, to recover of the defendant the sum of $300 and interest, evidenced by twelve city warrants for $25 each. These warrants were issued to J. L. Pancoast. by the defendant, in payment of certain services rendered by him as an attorney for the city, in relation to the issuing. of refunding bonds, and the services were performed under an agreement made with the city at a regular open meeting of the council. The services were rendered in conformity with the contract and the warrants issued to Pancoast,. who transferred them to the plaintiff, and he brings this suit. The petition is an ordinary petition for recovery of warrants. The answer alleges that the warrants were issued

for attorney's fees at a time when the city attorney was able and willing to act, and the reply recites the employment by the city council and the performance of the service. To this reply the defendant demurred; the demurrer was sustained and judgment was entered on the pleadings, as they then stood, for the defendant. Plaintiff appeals. The sole question presented is, has the city council power to employ an attorney and make payment out of the funds of the city, or is the council bound to rely solely upon the city attorney for all legal advice and service?

The defendant in error contends that no recovery can be had, and relies upon the case of the *Board of County Commissioners of Logan County v. Jones,* 4 Okla. 341, as supporting its position. That was a case where the county commissioners had employed an attorney to represent the territory in a criminal case on appeal in the supreme court, and it was held that the attorney could not recover for such services, basing the decision upon an express statute, which makes it the duty of the attorney general of the territory to appear and prosecute and defend all civil and criminal cases in which the territory is interested as a party in the the supreme court. The statutes contain a similar provision regarding county attorneys, and make it their duty to represent their respective counties in all legal matters. The court said:

"By these statutes the legislature has made ample provision for an attorney for both the county, and, in fact each and every county, and the territory. It is the duty of the county attorney to perform all legal services for the county and territory within his county, and, in cases in

which the territory or county is interested, which have been taken from the county on change of venue. It is the duty of the attorney general to prosecute and defend all cases, civil and criminal, in the supreme court, where the territory is interested as a party. The legislature has given to the county commissioners no authority whatever to employ any other attorney than the one who is employed by law to represent the public interests, and a contract made for such purpose is *ultra vires* and void."

We have failed to find any statute making it the duty of the city attorney to represent the city in all legal matters. The statutes provide for the election of certain city officers, naming them, in which is included the office of city attorney; and then by section 634 of the Statutes of 1893, it is provided that:

"The duties, powers and privileges of all officers of every character, in any way connected with the city government, not herein defined, shall be defined by ordinance of the city council, but this section shall not be construed as legalizing any franchise or any grants heretofore made."

By section 560 of the same statute, it is enacted:

"The mayor and council shall have the care, management and control of the city and its finances, and shall have power to enact, ordain, alter, modify or repeal any and all ordinances, not repugnant to the laws of the United States and the organic act and laws of this territory, as they shall deem expedient, and for the good government of the city, the preservation of the peace and good order, the suppression of vice and immorality, and the benefit of trade and commerce, and the health of the inhabitants thereof, and such ordinances, rules and regulations as may be necessary to carry such power into effect."

This last section contains a pretty broad grant of power, but even conceding for the sake of argument, (but we do not admit it as a fact,) that it does not embrace express authority to employ an attorney, it must also be admitted that the council is neither expressly nor impliedly prohibited from doing so, and the general rule is that a city council may employ an attorney by ordinance to assist the city attorney, unless expressly or by clear implication prohibited in its charter or by some act of the legislature. In Beach on Municipal Corporation, vol. 1, page 658, section 643, it is said:

"A municipal corporation may without express authority, unless especially restricted, employ an attorney to attend to the corporate interests and to prosecute and defend actions brought by or against the municipality. But it cannot make a valid contract for the employment of an attorney to file a bill in which it seeks to destroy its corporate existence. And there is no implied power to employ attorneys to conduct or assist in conducting criminal prosecutions. And where the law has provided an officer whose duty it is to attend to all the legal business of a county, it has been held that the county cannot employ counsel. Counsel may be employed not only in suits in which the corporation is a part of the record, but in those in which it may be a party in interest."

And in Dillon on Municipal Corporations, vol. 1, page 472, section 479:

"Resulting also from the power to make contracts, to own property, and to incur liabilities, is the authority in a municipal corporation, in the absence of express or implied restriction, to employ an attorney, to conduct or defend suits, in which the corporation is interested in its corporate

capacity, and the corporation is bound to pay for services rendered by him on due employment, without an express vote to that effect."

From these citations it will be seen that it is only where the law makes it the duty of an officer to attend to all the legal business of a city, that the council cannot employ an attorney and pay him out of the city treasury.

The supreme court of Kansas in *City of Mound City v. Snoddy,* 35 Pac. 1112, held that where the mayor of a city, by virtue of his office, employs an attorney to represent the city in an action, and the attorney, pursuant to such employment, performs legal services, with the knowledge of the city council, he may recover. It is true that at the time the services were performed there was no city attorney, the regular city attorney having previously resigned, but the law of the case is stated in the syllabus, and it contains no exceptions to the general rule. We think it is now generally conceded by weight of authorities that the city council of a city may employ an attorney to assist the city attorney in the prosecution or defense of an action pending, or may secure his opinion upon any legal matter in which the city is interested and pay him out of the funds of the city, unless expressly, or by a clear implication, prohibited from so doing. (Am. & Eng. Eny. of Law, vol. 15, page 1118, sec. 12; *Cullen, et. al. v. Town of Carthage* [Ind.] Am. & Eng. Corporation Cases, vol. 14, page 256; *Burnett v. Mayor and Aldermen of City of Paterson* [N. J.] Am. & Eng. Corporation Cases, vol. 16, page 131; *McCabe v. Board of County Commissioners of Fountain County,* 46 Ind. 380; *Board of County Commissioners of Cass County v. Ross et. al.* 46 Ind. 404; *Smith v. Mayor and Council of Sacramento*

*City et al.* 13 Cal. 531; *Hornblower v. Duden,* 35 Cal. 664; *Huffman v. Board of County Commissioners of Greenwood County,* 23 Kan. 281; *Roper v. Town of Laurenburg* [N. C.] Am. & Eng. Corporation Cases, vol. 7, page 130.) In this last case, however, the town had no regular and salaried legal adviser.

The case of *Clough & Wheat v. Heart,* 8 Kan. 487, is not in conflict with the rule herein announced, but is based on the wording of the statute of that state regarding the duties of county attorneys and city attorneys in cities of the first class.

In Kentucky, in the case of *City of Louisville v. Murphy et al.* and *Reed v. Same,* Am. & Eng. Corporation Cases, vol. 18, page 421, it was held that the mayor alone had the right to employ counsel to restrain the collection of what he believed to be an illegal tax, but this was under rather peculiar circumstances, which probably should take the case out of the general rule.

The fact that the power of the council to employ legal assistance may be abused does not change the law; that is a matter which appeals exclusively to the legislative body. The presumption is that they will act wisely and for the best interest of the municipality.

The demurrer to the reply, as well as the motion for judgment on the pleadings, should have been overruled. The judgment of the trial court is therefore reversed and case remanded at the cost of defendant in error, with direction to proceed in conformity with the views herein expressed.

All of the Justices concurring.