CITY OF HOLDENVILLE v. LAWSON.

No. 2635.   Opinion Filed May 27, 1913.

Rehearing Denied October 14, 1913.

(135 Pac. 405.)

**MUNICIPAL CORPORATIONS——Services of Attorney—Implied Contract.** Where an attorney was employed by the town council of an incorporated town of the Indian Territory, although without a formal ordinance or resolution, and thereafter with the knowledge of such council performed the legal services for which the employment was made, and the town accepted and retained the benefits thereof, it is liable to him for the value thereof.

(Syllabus by the Court.)

*Error from District Court, Hughes County;
John Caruthers, Judge.*

Action by Lewis C. Lawson against the City of Holdenville. From a judgment for plaintiff, defendant brings error. Affirmed.

*John L. Coffman,* for plaintiff in error.

*George C. Crump,* for defendant in error.

DUNN, J. This case presents error from the district court of Hughes county, wherein the defendant in error, as plaintiff, brought action against the plaintiff in error to recover for services rendered it as an attorney. The issues tendered by the pleadings were presented to a jury, which returned a verdict in favor of plaintiff, on which judgment was rendered, from which the defendant has brought the case to this court for review.

In 1907 W. W. Cook & Son filed suit against the town of Holdenville, which at that time was a village of the Indian Territory incorporated under the provisions of the statutes of Arkansas. On conflicting evidence the jury found that plaintiff had been employed by the town council of the said town to appear in this case. No record was made of this employment, but plaintiff entered upon his duties in defense of the action, with full knowledge thereof by the council, and the town secured and accepted the benefits of the services rendered. At the time of this employment the town had what was known as a town attorney, and plaintiff was employed to assist him in this litigation which grew out of the construction of a waterworks plant for the town. July 1, 1908, after statehood, the town became a city of the first class, but the work and service for which the plaintiff was employed had at that time been virtually all completed, and it is the contention of counsel for the city of Holdenville, successor of the village, that the town was without authority to employ counsel to assist the town attorney, contending that it was the duty of such attorney to perform the service rendered by plaintiff.

Section 519, Ind. Ter. Ann. St. 1899 (Mansf. Dig. 749), provides:

"Cities or incorporated towns, organized or to be organized under the provisions of this act, shall be, and are hereby declared to be bodies politic and corporate, under the name and style of 'the city of ———,' or 'the incorporated town of ———,' as the case may be; capable to sue and be sued, to contract and be contracted with, to acquire, hold and possess property, real and personal. * * *"

Herein is set forth the authority of incorporated towns created under and by virtue of the provisions of the statutes of Arkansas put in force in the Indian Territory. It is to be noted that they are capable of suing and being sued, and of contracting and being contracted with, and, further, the same section provides, "to exercise such other powers and to have such other privileges as are incident to other corporations of like character or degree, not inconsistent with the provisions of this act or the general laws of the state," and section 566, *Id.* (Mansf. Dig. sec. 796) provides, in substance, that the council of any incorporated town shall have power to provide, by law or ordinance, for the election of such subordinate officers as may be thought necessary for the government of the corporation; to prescribe their duties or compensation or the fees they may be entitled to receive for their services. The foregoing statutes, in the absence of any restrictive provisions, in our judgment confer authority sufficient upon the local officers of the incorporated towns to authorize them to make the employment here made, and while no ordinance or resolution was passed or recorded by the council making the employment of plaintiff a matter of record, yet, in view of the facts surrounding his employment and the services rendered and accepted, the town in good conscience ought not to be permitted to knowingly receive and retain the benefits thereof, and not pay therefor. Our attention has been called to no statute of Arkansas restricting the powers of the local councils in the making of the character of employment here made, and we know of none.

Under these circumstances the rule laid down by the Supreme Court of the territory of Oklahoma in *Treeman v. City of Perry*, 11 Okla. 66, 65 Pac. 923, obtains. In that case the court said:

"The Supreme Court of Kansas in *City of Mounds City v. Snoddy,* 53 Kan. 126, 35 Pac. 1112, held that where the mayor of a city, by virtue of his office, employs an attorney to represent the city in an action, and the attorney, pursuant to such employment, performs legal services, with the knowledge of the city council, he may recover. It is true that at the time the services were performed there was no city attorney, the regular city attorney having previously resigned, but the law of the case is stated in the syllabus, and it contains no exceptions to the general rule. We think it is now generally conceded by weight of authorities that the city council of a city may employ an attorney to assist the city attorney in the prosecution or defense of an action pending, or may secure his opinion upon any legal matter in which the city is interested and pay him out of the funds of the city, unless expressly, or by a clear implication, prohibited from so doing. Am. & Eng. Ency. of Law, vol. 15, p. 1118, sec. 12; *Cullen et al. v. Town of Carthage* [103 Ind. 196, 2 N. E. 571, 53 Am. Rep. 504]; *Barnert v. Mayor and Aldermen of City of Paterson* [48 N. J. Law, 395, 6 Atl. 15]; *McCabe v. Board of County Commissioners of Fountain County,* 46 Ind. 380; *Board of County Commissioners of Cass County v. Ross et al.,* 6 Ind. 404; *Smith v. Mayor and Council of Sacramento City et al.,* 13 Cal. 531; *Hornblower v. Duden,* 35 Cal. 664; *Huffman v. Board of County Commissioners of Greenwood County,* 23 Kan. 281; *Roper v. Town of Laurinburg* (N. C.) Am. & Eng. Corporation Cases, vol. 7, p. 130. In this last case, however, the town had no regular and salaried legal adviser."

The syllabus in the case of *Mounds City v. Snoddy,* 53 Kan. 126, 35 Pac. 1112, is as follows:

"A mayor of a city, by virtue of his office alone, cannot employ an attorney, and create a liability against the city for the services of such attorney; but if such employment is made, and an action is begun in the name of the city, and the city council has knowledge of the institution and pendency of the suit, and allows the attorney to proceed with the litigation for a considerable time, without protest or repudiation, and afterward acquiesces in and accepts the fruits of the service, it will operate as a ratification of the employment, and render the city liable for the value of the services."

Several questions of practice are mooted in the brief of plaintiff in error, but an investigation thereof discloses, either that they are without merit, were waived, or that in their presentation counsel has failed to observe the requirements of rule 25 of

this court (38 Okla. x, 95 Pac. viii) ; hence discussion thereof will be unnecessary. The proposition covered is the one of real merit in the case, and from the record it seems to have been correctly decided by the trial court, and its judgment will be affirmed.

All the Justices concur.