The Board of Commissioners of Clinton County *v.* Hill.

Filed Feb. 20, 1890.

———————————◆———————————

No. 13,974.

THE BOARD OF COMMISSIONERS OF CLINTON COUNTY
*v.* HILL.

COUNTY.—*Commissioners.*—*Public Bridge.*—*Reconstruction of.*—*Claim for Work and Materials.*—*Authority of Engineer.*—*Pleading.*—A complaint by a contractor against the board of commissioners in an action to recover for labor performed and materials furnished in the rebuilding of a bridge destroyed by high water is good against a demurrer, where, having alleged the advertising and letting of the original contract in the statutory mode, it alleges that the washing out of the bridge and its relocation, it having been found after the flood to be improperly located, made

an extra amount of work and materials necessary to complete the original contract; that he was ordered to furnish such extra material and do such extra work by the chairman of the board and the superintendent, or engineer; that the chairman promised to pay him $50 in addition to the original price for the work and materials; that upon the completion of the work it was examined by the board in session who approved it and entered an order that it be received. The superintendent had the authority to direct the work to be done and to bind the county.

SAME.—*City.*—*Special Contract.*—*Answer Alleging.*—*Argumentative Denial.*— An answer to such complaint alleging that the work was performed under a special contract with the city, whereby the city was to pay a certain sum, and the county an additional sum upon the completion of the work, is, in effect, an argumentative denial of the defendant's liability and is demurrable, the facts alleged being provable under the general denial pleaded in another paragraph.

SAME.—*Complaint.*—*Theory.*—*Failure of Evidence to Support.*—*New Trial.*— The theory of the complaint being that the chairman of the board of commissioners, and the superintendent appointed by them, directed the relocation of the bridge and its rebuilding, a new trial should have been granted the defendant, the evidence having failed to support the theory.

From the Clinton Circuit Court.

*T. H. Palmer* and *W. F. Palmer*, for appellant.

*J. G. Adams*, *H. C. Sheridan* and *F. F. Moore*, for appellee.

OLDS, J.—The board of commissioners of Clinton county, at the regular June session, 1885, ordered the construction of a stone and brick culvert across Armstrong branch, where said branch crosses South Main street, in the city of Frankfort, the culvert to extend the entire width of said street, sixty feet, and appointed James R. Brown, the county surveyor, engineer and superintendent, to prepare specifications for such culvert, and, after giving thirty days' notice thereof, to receive proposals for such construction; to contract with the best bidder therefor, and to superintend the construction of said culvert; the said Brown entered upon the discharge of said duties, gave notice and received bids, and the board contracted the work to Francis M. Hill, the appellee, his being the best bid; the appellee com-

menced the construction of said work, under his contract; at the September term, 1885, the engineer allowed the appellee an estimate of $430, which the board then allowed and paid; the appellee did no more work on said culvert until 1886; in May, 1886, there came a heavy rain and washed said culvert out, and destroyed it; after the culvert was washed out it was ascertained and determined that the east and west boundaries of said street were some nine feet further east than said culvert had been located, and, upon consultation between the city authorities of Frankfort and the individual members of the board, the commissioners stated that if Hill would reconstruct the bridge at the point where desired, corresponding with the street, the county would donate him fifty dollars, and the city authorities told the appellee the city would pay him fifty dollars; appellee then reconstructed said culvert at the proper place, corresponding with the correct lines of the street. After the culvert was reconstructed, at the December term, 1886, of said board, the engineer aforesaid reported the final estimate of materials furnished, and labor performed by appellee in the construction of said culvert, the entire amount of the contract paid being $542.22. The board deducted $430 paid the appellee on the former estimate, leaving a balance of the original contract price of $112.24, and added $50, making $162.24, which sum said board allowed, and paid the same to said appellee. Afterwards, at a special session of the board, on the 29th day of January, 1887, appellee filed his claim, for work done on said culvert, in the sum of $290.20, and the board disallowed said claim. Appellee appealed to the circuit court. The board moved to dismiss said appeal, which motion was overruled and the board excepted.

It is urged that the claim is not properly itemized and dated. This objection is not well taken; the account is dated and itemized. It is further urged that the claim is for voluntary services, and hence no appeal lies. We do not think the claim, as presented, comes within the line of vol-

untary services for which no appeal lies from the decision of the board of commissioners; the claim is for work, and labor, and materials.

The appellee filed an amended complaint in the circuit court, to which amended complaint appellant demurred for cause that the complaint does not state facts sufficient to constitute a cause of action, which demurrer was overruled and exceptions taken, and this ruling is assigned as error.

The amended complaint is as follows:

The plaintiff, Francis M. Hill, complains of the defendant, and, for amended complaint, says that the board of commissioners on the 6th day of June, 1885, at a regular session held in the auditor's office in the court-house, in the city of Frankfort, Clinton county, Indiana, entered an order of record that there be built a stone and brick culvert across Armstrong branch where the highway running south from the south end of Main street, in the said city of Frankfort, intersects and crosses said branch, said highway being a continuation of said street across said branch, said culvert to extend the entire width of said highway, and appointed James R. Brown engineer and superintendent to prepare specifications and secure proposals for the construction, after giving thirty days notice thereof, and to superintend the construction of said culvert.    Afterwards, to wit, at a special session held on the 11th day of July, 1885, at the auditor's office in the court-house, in the said city of Frankfort, for the purpose of considering the proposals for the construction of said culvert as aforesaid, the board having opened and examined all the bids, found that the bid of plaintiff was the lowest and best bid, and entered an order that his bid be accepted and accepted his bid, and James R. Brown, the superintendent and engineer, was ordered to prepare the necessary contract, and said board approved the bond of said plaintiff at said meeting thereof, and contracted with him as aforesaid, a copy of said contract and of said bid on file herewith, being marked "Exhibit B," and made part of this complaint; that said plain-

tiff, under said contract, furnished the material and constructed said culvert under the supervision of said James R. Brown, the regularly appointed superintendent of said work, and at the September session of said board, in 1885, on the recommendation of said superintendent of said work, said board allowed the said plaintiff four hundred and thirty dollars, and on the 6th day of December, 1886, one hundred and sixty-two $\frac{24}{100}$ dollars as a partial estimate. Plaintiff further avers that in the spring of 1886, at a time when said culvert was near completion but before it was wholly completed, an unusual flood destroyed and carried away said culvert and rendered said street impassable, and a great emergency existing for the immediate repair and reconstruction of said culvert, John Pruitt, chairman of the board of commissioners of said county, said board not being in session, directed and ordered this plaintiff to reconstruct the same, promising to pay him the same rate for all necessary labor and material as had been agreed upon in the original construction, to which plaintiff agreed and thereupon rebuilt said culvert; and plaintiff says before he commenced to rebuild said structure, it was discovered by said board of commissioners, and James R. Brown, engineer and superintendent of said work, and the city council of the city of Frankfort, a municipal corporation existing under the laws of Indiana, that said bridge was located ten feet too far west as originally constructed, and plaintiff was directed by said board of commissioners, and by said common council of said city of Frankfort, and by said superintendent of the work, to rebuild said structure ten feet further east than it was originally constructed. Plaintiff further says that under said contract he did rebuild said culvert and furnish the necessary materials for the construction of the same, and the value of said material and labor as furnished under said contract was three hundred dollars, and that all said labor and material have been paid for by plaintiff, and a bill of particulars of the labor and material is filed herewith and marked " Ex-

hibit A," and made a part hereof.   And plaintiff says that at a special session of the board of commissioners held at the auditor's office in the court-house, in the said city of Frankfort, on the 29th day of September, 1886, the said board having made an examination of said culvert, found that the same was fully completed in accordance with the original plans and specifications, and entered an order of record that the same be received, and plaintiff says that the sum of three hundred dollars for said labor and material for the reconstruction of said culvert is now due him and wholly unpaid, and no estimate or allowance was ever made for the same. Prayer for judgment for three hundred dollars.

"*Exhibit A.*"   *Bill of Particulars.   Clinton County, Indiana.*
*To* FRANCIS M. HILL, *Dr.*

January 4th, 1887.   For rebuilding Main street bridge over Armstrong Branch.

| | |
|---|---:|
| Stone furnished, 22½ p. at $1.60 . . . . . . . . . | $36 00 |
| Cement, per Coulter, Given & Co . . . . . . . . | 42 60 |
| Sand, 17 loads at $1 . . . . . . . . . . . . . | 17 00 |
| False work for arches . . . . . . . . . . . . . | 2 00 |
| Laying 14,000 brick at $3.50 . . . . . . . . . . | 49 00 |
| Laying 78 yards stone at $1.20 . . . . . . . . . | 93 60 |
| Cleaning old materials . . . . . . . . . . . . . | 50 00 |
| Total . . . . . . . . . . . . . . . . . . . . . | $290 20 |

A copy of the bid and the contract and bond for constructing the culvert is set out, marked "Exhibit B."

It is contended by counsel for appellant that the contract for rebuilding the bridge, or culvert, is beyond the jurisdiction of the board, and is void ; that such board can only bind the county in the mode pointed out by statute, by advertising for bids, and letting the contract as provided by the statute.

The paragraph of complaint alleges the advertising and letting of the original contract for the culvert, in accordance with the requirements of the statute, and the appointment

of a superintendent of the work. It then alleges that before the completion of the bridge, and after he had been paid $430 on the contract, an unusual flood destroyed the culvert, and it became necessary to rebuild the same, and before doing so it was ascertained that the culvert had not been located in the proper place. It alleges that the plaintiff was ordered by one member of the board, and by the regularly appointed superintendent, to go on and construct the bridge in the proper place, varying only a few feet from the place where it was originally constructed, and to construct the same in accordance with the old contract, and that he was to receive the same price for his work and materials. In other words, it is alleged that the washing out of the culvert and the changing of the location made an extra amount of work and materials necessary to complete his original contract, and that he was ordered to furnish such extra materials and do such extra work by the chairman of the board, and by the regularly appointed superintendent, the chairman of the board promising to pay him fifty dollars extra, in addition to the original price for the work to be done and materials furnished, for doing the work, and that he went on and completed the work as directed, and the board of commissioners when in session examined the work, and found it was fully completed, in accordance with the original plans and specifications, and entered an order of record that the same be received.

The case of Board, etc., v. Byrne, 67 Ind. 21, was an action for work and labor in constructing a bridge, and the court says : " The board appointed a superintendent of the work ; and there was evidence tending to show that after the contract had been let, the superintendent required the work to be done in a way that required more mason work, and possibly more filling, than was contemplated by the original contract; and this action was brought, in part at least, to recover for the extra work thus done. We can not say that the extra work was not judiciously and properly required.

The counsel for the appellant, as we understand their brief, assume that the extra work was voluntary, and that no action will lie therefor ; and that the county could only bind itself by contract made by the board while in session."

. After quoting the statute relating to the appointment of a superintendent to oversee work, the court further says :

" It is thus seen that the superintendent has power to let contracts for the construction of bridges, and to superintend the work. We think this makes the superintendent the agent of the county for the purpose of the construction of the bridge or bridges, and that he may bind the county by requiring work to be done beyond that contemplated by the contract. Such authority in the superintendent is necessary for the county, in order that the structure may turn out to be substantial and lasting ; and it is proper, in order that the contractor required to perform the extra work may have a remedy therefor."

In this case, as it appears by the allegations of the complaint, a bridge had been constructed to cost some five hundred and forty dollars. It was contracted, and the appellee in pursuance of his contract had so nearly completed the bridge that the superintendent had estimated the work done under the contract, and the board had allowed and paid him four hundred and thirty dollars on the work when an extraordinary flood washed the bridge out and made it necessary to complete the bridge to do work and furnish materials which were unforeseen and not contemplated by the contract. The bridge was located and nearly constructed when it was ascertained that the bridge was not altogether on the street, that it had been located ten feet from where it was intended. It was intended to reach across the street, when, as constructed, it would extend ten feet beyond the street on one side and fall ten feet short of reaching the opposite side of the street. To accomplish the purpose intended by the board of commissioners if it had not been washed out by the flood, it would have been necessary to rebuild the

same, changing location and requiring extra work. We think it clear that under the circumstances the superintendent had the authority to direct the work to be done, and to bind the county. The demurrer was properly overruled to the complaint. *Bass Foundry, etc.,* v. *Board, etc.,* 115 Ind. 234.

The next alleged error is the ruling of the court in sustaining a demurrer to the third paragraph of defendant's answer.

There was no error in this ruling. The paragraph alleged that the work and labor performed, and materials furnished were performed under a special contract with the city of Frankfort, whereby the city was to pay the plaintiff $50, and the county was to donate to him $50 when the work was completed. This was, in effect, but an argumentative denial of the defendant's liability, and proof of the facts alleged in the paragraph might have been made under the general denial which was pleaded in another paragraph.

The next alleged error is the overruling of the motion for a new trial.

There was a verdict and judgment for appellee, for the full amount of the extra work and materials in rebuilding the bridge. The complaint is based upon the theory that John Pruitt, the chairman of the board of commissioners, and the superintendent appointed by the board, directed him to change the location of the bridge, and to rebuild it, the commissioner promising him that he should be paid for the work as per the original contract price.

The motion for a new trial presents the question as to whether the allegations of the complaint are sustained by the evidence, and if the plaintiff recovers at all he must recover on the theory of his complaint.

It is contended by the appellant that there is no evidence in the record to sustain the allegations of the complaint, that either the commissioner or the engineer or superintendent directed a change as to the location of the bridge, or directed

that it be rebuilt, or promised to pay for the rebuilding of the bridge; and the counsel for the appellee has not called our attention to any evidence which supports such allegations; and if there is any such evidence in the record it was the duty of counsel to call our attention to it; and if there had been any such evidence we have no doubt it would have been pointed out by the brief of counsel for the appellee. We have been unable to find any evidence tending to prove that Pruitt, or the engineer, gave any directions as to the rebuilding of the bridge, or of any promise to pay for the building of it. The evidence shows that some conversation was had between the commissioners and the city officials about the rebuilding, and a promise, or offer, on the part of the city council to pay fifty dollars if the bridge was rebuilt in the proper place, and some general talk about a donation of fifty dollars by the commissioners if the bridge was rebuilt at the proper place; and the city engineer designated where the bridge was to be reconstructed, and appellee went on and rebuilt the bridge without any agreement as to pay for the work, except compensating him for making a change in the location. There is no evidence to sustain the allegations of the complaint as to any promise to pay, or any direction as to the rebuilding, and there being a failure of proof to sustain this theory of the complaint the judgment must be reversed.

Judgment reversed, at costs of appellee, with instructions to sustain the appellant's motion for new trial.

Filed Feb. 20, 1890.