Filed April 22, 1890.

--------◆--------

No. 14,165.

### THE BOARD OF COMMISSIONERS OF GIBSON COUNTY v. THE MOTHERWELL IRON AND STEEL COMPANY.

COUNTY.—*Public Building.—Construction.— Supervising Architect.—Liability for Change Ordered by.—County Commissioners.*—Where the board of commissioners, engaged in building a court-house, appoint an architect and entrust to him the full supervision of its construction, and such architect orders a change in the iron work to be done by a sub-contractor, which causes an increase in the expense, and after the work is completed the commissioners accept the building, the county is liable for such extra work, although there was no agreement as to the price of the extra work, and the contract was not in writing and attached to the original contract with the contractor as provided for in such original contract.

SAME.—*Action for Extra Work.—Change in Plan.—Evidence.*—In an action for such extra work, the architect having testified on direct examination that he made no contract with the sub-contractor, it was proper to ask him on cross-examination if there was not a change made in the plans, six-inch columns being substituted for eight-inch ones, and if extra work was not done by the sub-contractor, and if he was paid therefor.

From the Vanderburgh Circuit Court.

The Board of Comm'rs of Gibson Co. *v*. The Motherwell Iron and Steel Co.

*M. W. Fields, J. W. Ewing* and *L. C. Embree,* for appellant.

*H. A. Yeager,* for appellee.

OLDS, J.—This was an action by the appellee against the appellant for the value of extra iron and steel work, and labor in the building of a new court-house, which work and labor were done and performed by the appellee at the special instance and request of the appellant and its agents.

Issues were joined and there was a trial, resulting in a verdict and judgment for the appellee.

Appellant filed a motion for a new trial, which was overruled, and he excepted, and assigns such ruling as error.

The appellant entered into a written contract with one Miller for the building of a court-house. The written contract, which was introduced in evidence, provided that " Should the party of the first part (the board of commissioners) at any time during the process of the work require any additions to or omissions from this contract, or to make any change in plans or style of work, it will be carried out by the second party. The value of said change being first agreed on in writing, and the subsidiary contract endorsed on or attached to this contract, so that the amount may be added to or deducted from the amount of this contract, according as it may increase or diminish the total cost of the work."

It was further provided that if any dispute should arise concerning the value of any extra work, it should be decided by two competent persons, one to be selected by each party to the contract; and in case they failed to agree, the two referees so selected to select a third, and their decision should be final.

The appellee was a sub-contractor under Miller for the iron work, and a change was ordered in the iron work, which was made by the appellee at an extra expense. Before the building was finished Miller abandoned the contract. The

appellee completed the iron work in accordance with the changes made and ordered by the board of commissioners and the architect employed by them, and the building was accepted by the board.

The appellant asked the court to instruct the jury to the effect that if a change was made in the iron work which was included in appellee's sub-contract by direction of the architect, there could be no recovery for the same unless the value of such materials and labor was agreed on before hand, and a written contract therefor was attached to or endorsed upon said Miller's contract.

The court refused to so instruct the jury, and appellant excepted, and assigned the ruling of the court as a cause for a new trial.

McDonald Brothers are named in said contract as the architects to superintend the work on behalf of the board of commissioners, the work to be performed under the supervision of said McDonald Brothers.

It has been held by this court that where the board of commissioners has power to appoint a superintendent to act for them in the supervising of work, he becomes the agent of the county for the purpose of constructing the work, and that he may bind the county for work done beyond that contemplated by the written contract. It has also been held that where the board of commissioners let a contract for the construction of a county building, and the contractor abandons the contract, the county commissioners have power to take charge of the work and complete the building without adopting new plans and specifications, or letting a new contract. *Board, etc.,* v. *Byrne,* 67 Ind. 21; *Bass Foundry and Machine Works* v. *Board, etc.,* 115 Ind. 234; *Board, etc.,* v. *Hill,* 122 Ind. 215.

In this case the board of commissioners appointed an architect and gave into his hands the full supervision of the construction of the court-house. The architect ordered a change in the work which caused an increase in the ex-

pense. The work was done by the appellee in accordance with the directions of the architect, and after it was completed the commissioners accepted the building.

It does not appear that the commissioners, or any person acting for them, ever requested an agreement as to the price of the extra work, or that the contract for the extra work be reduced to writing, and the county became liable for the extra work, and there was no error in the refusal of the court to give the instruction asked for by the appellant.

The only other error complained of and discussed by counsel in their brief is the overruling of a motion to strike out of the deposition of Kenneth McDonald questions nine and thirteen, and the answers thereto in the cross-examination of said witness. Kenneth McDonald was a member of the firm of McDonald Brothers, the architects appointed to superintend the building, and was the member of the firm who attended to the business of the firm of McDonald Brothers in so far as it related to the building in controversy. The appellant took his deposition and examined him in chief, showing that he was the architect, that Miller was the contractor. He also testified that the appellee was the sub-contractor for the iron work, and the appellant asked the witness if the appellee had any contract with appellant as to any part of the work, and he answered not that he knew of; the appellant also asked the witness if he made any contract with appellee in reference to the building, and he answered "No." He further testified that Miller did not complete the building, but abandoned it before it was completed.

The witness was asked upon cross-examination as to changing certain iron columns called for by the contract from six to eight-inch columns, and he answered that he ordered them so changed. And he testified to extra work having been done by appellee. And he was further asked if Gibson county, or any one else to his knowledge, ever paid appellee for the extra material or labor done outside of the plans? and he answered "Not that I know of."

The appellant moved the court to strike out the questions and answers as to the iron columns, and the one as to the payment of appellee, and the court overruled the motion, and the ruling is assigned as a cause for a new trial.

There was no error in this ruling. It was proper to prove by the architect that he ordered a change made in the size of the columns. The witness had testified that he had made no contract with appellee, and on cross-examination it was proper to ask him if the plans did not call for six-inch columns, and if he did not order them changed to eight-inch columns, and that under his direction appellee put in eight-inch columns. Nor was there any error in asking if the appellee had been paid for the extra work, as the witness had testified on cross-examination that there was extra work done by appellee under his supervision, and the contract between Miller and the commissioners provided that the work should be paid for on estimates made by McDonald Brothers, architects, and witness was acting for the firm as architect.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed April 22, 1890.