WILLIAM M. GLAVES, Public Administrator of Lewis County, in charge of Estate of ELIAS MORROW, Deceased, Appellant, v. BENJAMIN J. MORROW, Respondent.

St. Louis Court of Appeals, February 23, 1897.

Pleadings: EVIDENCE: INSTRUCTIONS. In a suit by the public administrator in charge of the estate of an intestate for money loaned by the intestate to his son, where the answer admitted that defendant had received the money from his father, but specifically denied the allegation of the petition that it was for borrowed money, and alleged in explanation thereof that the money was received as payment for work and labor done, which denial and allegation of the answer was supported by the evidence, an instruction to the jury on the theory that the money was a gift was error fatal to the judgment.

*Appeal from the Lewis Circuit Court*—HON. BENJAMIN E. TURNER, Judge.

REVERSED AND REMANDED; Judge BIGGS dissenting.

*Blair & Marchand* and *John C. Anderson* for appellant.

The court erred in permitting Gopher to detail the conversation with the deceased, also in admitting the testimony of Clifton, Budrow and Carroll. *Wright v. Fonda*, 44 Mo. App. 633, 642, 643; *Rutledge v. R'y*, 110 Mo. 312–318; *Halpin v. School District*, 54 Mo. App. 371, 375, 376.

The court also erred in not restricting the instructions to the issues made by the pleadings. *Wright v. Fonda, supra,* and citations; *State ex rel. v. Sitlington,* 51 Mo. App. 252, 254, 256, and citations; *Aultman*

*Taylor Co. v. Smith,* 52 *Id.* 351, 356; *Woods v. Campbell,* 110 Mo. 572.

The instructions must be applicable to the pleadings and evidence; it is not sufficient that there is evidence to support them, when there is no issue under the pleadings to which they are applicable. *Watson v. Frazer,* 48 Mo. App. 302, 312.

*B. F. Thomson* and *George Ellison* for respondent.

Each count of the answer is a separate defense. *Nelson v. Broadhack,* 44 Mo. 596, 598–600; *Nelson v. Wallace,* 48 Mo. App. 193.

The answer denies the borrowing of the money. *Brownell v. R. R.,* 47 Mo. 239, 243; *Nelson v. Broadhack, supra.*

In construing pleadings the language must be in its plain and ordinary meaning, and such interpretation given it as fairly appears to have been intended by the pleader. *Silcox v. McKinney,* 64 Mo. App. 330; *Stillwell v. Hamm,* 97 Mo. 579; *Nelson v. Broadhack,* 44 Mo. 596, 598–600; *Springer v. Kleinsorge,* 83 *Id.* 152, 155, 156; *Blatz v. Lester,* 54 Mo. App. 283.

The answer is a general denial of the loan claimed, and under the ruling of the court we can show the loan was never made. *Blatz v. Lester, supra; Scudder v. Atwood,* 55 Mo. App. 512, 521.

BLAND, P. J.—As the errors complained of are based upon the state of the pleadings in this case, we set them out in full.    The petition is as follows:

"Plaintiff states that on the —— day of February, 1894, one Elias Morrow, then a resident of said county, departed this life intestate, and that on the first day of June, 1894, this plaintiff under the order and direction of the probate court took charge of his estate and filed

a written notice thereof in the office of the judge of the probate court of said county.

"Plaintiff further states, that at the time of the death of said Elias Morrow, the defendant was indebted to the said Elias Morrow in the sum of five hundred dollars for money loaned by said Elias in his lifetime to said defendant, to wit, in the year 1891.

"Plaintiff states that no part of said sum has been paid by defendant but is still due and unpaid, and is now due and owing to this plaintiff. Plaintiff states that on or about the first day of August, 1894, he demanded payment of the defendant of the said sum of money which he refused to make. Wherefore plaintiff prays judgment for the said sum of five hundred dollars, with interest from the first day of August, 1894."

To which petition respondent answered as follows:

"Now at this day (leave of court first being had) comes the defendant and files his answer herein. Admits that the plaintiff is public administrator of Lewis county, Missouri, and has in charge the estate of Elias Morrow, deceased. Admits that Elias Morrow departed this life intestate; but denies that he, the defendant, was indebted to said Elias Morrow, deceased, in the sum of five hundred dollars for money loaned by said Elias Morrow in his lifetime to this defendant in the year 1891.

"Defendant for further answer to plaintiff's petition states that the said Elias Morrow was in poor health, was an old man for a long time previous to his death; that all of his family had grown up and left him and that he was unable to work and look after his farm and that this defendant is his son, and that he, at the request and solicitation of his father, said Elias Morrow, deceased, went to live on a small portion of said Morrow's farm, and occupied a small house and

six or seven acres of land on said farm at the time he moved on said land; that this defendant lived on said land for about twelve or fifteen years, and during all that time he worked for the said Elias Morrow on his farm, doing all kinds of farm work, assisted him in getting his wood, harvesting and taking care of his crops and improving said farm, and taking care of his stock. Defendant says that after he had lived as aforesaid on the land aforesaid of his said father, Elias Morrow, deceased, he purchased a small farm, and that his father, said Elias Morrow, at the time he purchased the small farm, paid him the sum of five hundred dollars, which was all the compensation he ever received from his said father for all the work done by this defendant for all the years he worked for his said father as aforesaid. Wherefore defendant says he owes plaintiff nothing and asks to be discharged with his costs.

"BENJAMIN J. MORROW.

"By GEO. ELLISON and B. F. THOMPSON, Att'ys."

To this answer appellant filed the following replication:

"Now at this day comes the plaintiff, and for replication to defendant's answer denies each and every allegation therein contained or any knowledge or information thereof sufficient to form a belief.

"BLAIR & MARCHAND and JOHN C. ANDERSON,

"Att'ys for plaintiff."

The respondent is the son of the intestate Elias Morrow. The appellant as a witness for himself, testified substantially that he presented a note of $500 to the respondent, to be signed on account of money he had borrowed from the deceased; that the respondent said he had received the money from his father and would sign the note if the other heirs would give their notes for what they justly owed the estate. Other witnesses testified to admissions of a similar character

made by respondent. Respondent denied the testimony of the appellant and gave a different version of the conversations, not necessary to be set out here. Over the objections of appellant, respondent was permitted to prove by three witnesses, conversations that they had with Elias Morrow, the deceased, in his lifetime, about letting the respondent have some money to help him buy a piece of land. Budrow, one of these witnesses, testified that the deceased said "he had helped Ben (the respondent) buy a piece of land; that Ben had always been with him; waited on him when he was sick, and that he (Ben) had done two or three times the amount of the money he had given him." Clifton, another of the respondent's witnesses, testified that the deceased said to him, "that his children were finding fault with him in regard to Ben; charging that he had given Ben more than the balance; that it seemed hard that the children should think so hard; that his son Ben was doing more for him than any of the others." Carroll, the other witness for respondent, testified that the deceased told him before Ben bought the piece of land, "that he wanted him to buy it, and that he intended to help him pay for it, and that after Ben bought the land, deceased told him he had helped Ben to buy it; that the old man remarked that "he had felt like helping Ben; that Ben had always worked for him, and had always been there."

The evidence showed that Elias Morrow, the deceased, was an old man, living on a farm, and that all of his children had left him, excepting Ben, who had lived on a part of this farm for twelve or fourteen years after he became of age, and after he had a family of his own. There was no evidence as to any contract between Ben and his father, and no account of the $500 found among the papers and books of the deceased so far as is shown by the record.

At the close of the testimony, the court of its own motion gave the following instruction for appellant:

"The plaintiff sues for five hundred dollars which he alleges the defendant borrowed of Elias Morrow, deceased. If the evidence shows that defendant borrowed of Elias Morrow deceased, $500 or more in his lifetime, then in such case, the jury will find for plaintiff for the sum of $500 with interest from January 31, 1895."

And the following instructions on the part of the respondent:

"(1) The burden of proving his case rests upon the plaintiff and before plaintiff can recover he must prove by a fair preponderance of evidence that defendant was indebted to Elias Morrow, deceased, at the time of his death."

"(2) Plaintiff can not recover for money given by Elias Morrow, deceased, to defendant to buy land if such gift is shown."

To the giving of respondent's instructions (numbers 1 and 2) appellant duly objected and excepted at the time. The jury returned a verdict for respondent. After an unsuccessful motion for a new trial, appellant brings his case here by appeal.

He urges as his chief assignments of error, the admission of the testimony of the witnesses Clifton, Budrow, and Garroll, and the giving of instruction number 2 for respondent. His contention is that the answer pleads but one defense; viz.: That the $500 received by respondent was for work and labor done, and was not a sum borrowed; that under this answer evidence of a gift was not relevant nor competent. If appellant's construction of the legal effect of respondent's answer is correct and the evidence objected to (of the three witnesses) tended to prove a gift, rather than payment or

PLEADINGS:
    evidence:
    instructions.

compensation, then his fourth assignment of error, "that the court admitted incompetent and irrelevant testimony," should be sustained. Evidence of a gift would not be admissible under a plea of payment. *Rutledge v. Mo. Pac. R'y Co.*, 110 Mo. 312. The petition avers that Ben Morrow was indebted to Elias Morrow in the sum of $500 for money loaned by Elias in his lifetime to Ben, in the year 1891. The first paragraph of the answer is a specific, not a general denial, of this allegation of the petition, that respondent owed $500 for money borrowed in 1891. The second paragraph of the answer is explanatory of the first, in that it states that the $500 was not borrowed, but paid as compensation for work, labor, and other services. In effect the whole answer admits that respondent had received the $500 from his father, but avoids indebtedness on account thereof by alleging that the money was received as payment. Evidence that the money was a gift from father to son would not be relevant to the defense pleaded. But did the evidence of Clifton, Budrow, and Carroll tend to prove a gift? We do not think so. The testimony of all three of these witnesses as to conversations had by them with Elias Morrow, convey the idea that the old man would help, and had helped respondent, because he had always been with him, waited on him when he was sick, and when he spoke of his other children complaining about his helping Ben more than any of the others, he remarked that Ben had always been there and done three times the amount he had helped him. These conversations considered in the light of the fact that Ben had remained with him for twelve or fourteen years after he had attained his majority, and after he had acquired a family of his own, make it quite evident that Elias Morrow felt under pecuniary obligations to his own son Ben, and that the money was not a gift, but given in

discharge of what he considered a pecuniary obligation; and it matters not that this obligation may not have had any legal foundation, the intention, if it existed, of Elias Morrow to discharge what he believed to be a moral obligation, to compensate his son Ben for services and filial devotion, was sufficient to support the allegation of the answer, that the money was paid for work and labor. The lower court, however, instructed the jury on the theory that the money was a gift. This issue is not made by the pleadings, nor supported by the evidence, and this error is fatal to the judgment. *Brown v. R. R.*, 101 Mo. 484; *Melvin v. R. R.*, 89 Mo. 106; *Rutledge v. R. R.*, 110 Mo. 312; *Woods v. Campbell*, 110 Mo. 572; *The Aultman & Taylor Co. v. Smith*, 52 Mo. App. 351; *Jacquin v. Grand Ave. Cable Co.*, 57 Mo. App. 320.

Judgment reversed and cause remanded.    Judge BOND concurs.    Judge BIGGS dissents.

BIGGS, J. (*dissenting*).—I have been unable to concur in the majority opinion in this case. Discarding irrelevant matter the answer is a special denial. It admits the receipt of the money as charged, but denies that it was received as a loan, thus presenting the single issue of loan or no loan. The other matters stated in the answer are argumentative, and do not constitute new matter upon which an issue could be taken. "An argumentative denial arises when the pleader mistakes the matter which may be used as evidence to support a denial, and pleads as though it were new matter." (1 Enc. of Pleading and Practice, p. 799). In other words, it is pleading evidence, which should be stricken out on motion or treated as surplusage. Thus it has been held that when the action is *ex contractu*, an answer setting up a different contract to that stated in the petition is an argumentative

denial. *Board of Commissioners v. Hill*, 122 Ind. 215; *Puget Sound Iron Company v. Worthington*, 2 Wash. Ter. 472. The argumentative portion of the answer here was that the defendant received the money from his father as compensation for work done, which was the pleading of another contract. Suppose issue had been taken on this averment and it had been decided adversely to the defendant, would that have proved the issue, to wit, that the money was loaned? By no means. *Non constat* it might have been intended by the father as a gift or an advancement. The pleading of this argumentative matter amounted to no more than if the attorney for the defendant in his opening statement to the jury had said that he expected the evidence to show that the money was paid for work done. This certainly would not have estopped the defendant from taking advantage of evidence at the trial tending to show that the money was intended as a gift. It is undisputed that evidence that money paid was intended as a gift may be shown under a general or special denial. That it is a just and fair inference from the evidence that the deceased intended the money as a gift, I do not think admits of serious doubt or controversy. Therefore, in my opinion, the instruction complained of was properly given.