## WRIGHT v. CASKEY.

[No. 2,948.    Filed April 23, 1901.]

COUNTIES. — Claims. — Allowance. — The date of the allowance of a claim by the county commissioners is fixed by their record, and cannot be changed by parol to prevent a taxpayer appealing therefrom.    p. 524.

SAME.—Claims.—Allowance.—The allowance of a claim upon a void contract cannot be justified as a voluntary allowance.    p. 524.

SAME.—Claims.—Amendment.—Appeal.—One who files a claim with the board of commissioners upon contract cannot, upon appeal, introduce by amendment a new cause of action not presented to the board.    pp. 524, 525.

From the Decatur Circuit Court.    Reversed.

*L. B. Eubank* and *B. F. Watson,* for appellant.
*B. F. Bennett* and *T. E. Davidson,* for appellee.

Roby, J.—James E. Caskey entered into a contract with the board of commissioners of Decatur county in September, 1891, by the terms of which he agreed to furnish all stationery for the use of the officers and courts of said county, during the ensuing three years, in consideration of which he was to receive $4,800, to be paid in quarterly payments of $400 each. No notice was given, no bids were received, and it is admitted that such contract was not valid. Payments were made by the county each quarter up to and including the one ending May 30, 1894. The next quarter ending August 31st furnishe$ the basis of this controversy.

The appellee on August 25, 1894, filed his bill before the board in words and figures following: "Decatur county, Ind. To James E. Caskey, Dr. To statement for quarter ending September 1, 1894, $400." This claim was duly verified. It was allowed by the board June 3, 1895, and within thirty days thereafter the appellant filed his affidavit and appeal bond. The auditor filed a transcript in the clerk's office, which failed to show the filing of such bond and affidavit, and was otherwise incomplete. Upon motion of appellant an amended transcript was filed, setting out the claim heretofore copied, as the first one had failed to do, and showing other facts necessary to give the circuit court jurisdiction.

On May 3, 1897, appellee filed an amended complaint, consisting of a second and third paragraph and leaving the claim as first filed before the board in the record as a first paragraph. The second paragraph averred that between June 1st and September 1, 1894, the county clerk and other officers purchased of appellee certain articles for use in their respective offices, a bill of particulars of which was filed therewith. That such articles were necessary in the conduct of said offices, and were used by said officers in their official business and were of the reasonable value of $635.55; that

afterward, at the September, 1894, term of the commissioners' court, he presented his claim for the articles so sold, $400 of which claim "said commissioners allowed and paid, and from this allowance defendant [appellant] appeals, and not otherwise."

The third paragraph of complaint averred that between the dates named appellee furnished to the board of commissioners the articles described in the exhibit filed therewith (such exhibit being made a part of both the second and third paragraphs); that such articles were furnished upon a contract entered into between appellee and said board on September 1, 1891; that before making said contract, said board gave more than ten days notice that they would receive bids; that specifications were on file in the auditor's office; that competitive bids were filed, and the appellee's bid being the lowest, a contract was entered into between him and said board, a copy of the same being filed with the pleading; that the board have fully paid to appellee all sums of money due to him on said contract, and "that he has fully complied with the same on his part."

The cause was submitted to the court for trial on February 22, 1898, the evidence concluded and the cause taken under advisement on the same day. On March 1, 1898, the appellee "withdrew his first paragraph of complaint," the same being the original claim filed before the county commissioners, and on the same day asked leave to amend his second and third paragraphs of complaint, which leave was over appellant's objection granted, and amended second and third paragraphs were then filed.

The second paragraph thus introduced into the case seems to have differed from the second paragraph as above summarized in fixing the date of the allowance and payment of the claim on April 18, 1895, instead of the September term 1894. The third paragraph averred payment by the board on April 18, 1895, of all sums due on said contract, and that since said 18th of April, appellee neither had nor presented any claim against said county on account of sup-

plies furnished on said contract. On March 2nd the court filed findings of fact, which show the terms of the contract and its invalidity; that under it goods were furnished to the officers of said county during the period named of the value of $631.55; that such articles were necessary to the proper administration of said offices; that on August 25, 1894, appellee filed his claim with the auditor against said county for $400, being for such articles so furnished; that in September, a restraining order was issued in an action brought by a resident taxpayer of said county, by which the board of commissioners were restrained from the payment of said claim; that on April 18, 1895, such suit was dismissed, and immediately thereafter the auditor drew a warrant upon the treasurer for $400 "in payment of said claim filed August 25, 1894"; that appellee received the money on such warrant; that on June 3, 1895, said claim for $400 was allowed by the board as per contract. "That at the time said commissioners directed said entry said Caskey had no claim against the county and was making no pretense that he had a claim against the county, and said commissioners directed said entry as a record of their approval of the payment of said claim on April 18, 1895." That within thirty days from June 3rd appellant filed his affidavit and appeal bond, stating that he was a resident and taxpayer of said county; that he was aggrieved by the allowance of said claim; which bond was approved by the auditor. That afterward the auditor filed his transcript in the circuit court; that there was no evidence that appellant had any interest in the subject-matter of his appeal, or was aggrieved thereby. Upon such facts the court concluded the law to be for appellee, and rendered judgment against appellant for costs. From such judgment an appeal to this court is taken.

Appellant at the proper time demurred to the second and third paragraphs of complaint filed before the trial, but did not renew the demurrer to the amended paragraphs filed after the trial. He moved for judgment on the special find-

ing and for a new trial, reserving exceptions to adverse rulings on all of said motions.

It being conceded that the contract was void, it follows that appellee was not entitled to recover upon it. Appellee insists that the allowance was a voluntary one from which no appeal lies. In this he is mistaken. The claim presented to the board is based upon an alleged contract. Its allowance can not be justified as a voluntary one. *Board, etc.,* v. *Heaston,* 144 Ind. 583, 594, 55 Am. St. 192; *Gemmill* v. *Arthur,* 125 Ind. 258.

An appeal lies from all decisions of the board, except when expressly or impliedly denied. *Houk* v. *Barthold,* 73 Ind. 21; *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549.

The action of the board was judicial, and an appeal lies therefrom. *Maxwell* v. *Board, etc.,* 119 Ind. 20. It was according to a later case *quasi* judicial and appealable. *Board, etc.,* v. *Heaston, supra.*

The effect of the appeal was to bring appellee's claim and case into the circuit court for trial *de novo,* and the burden was then upon him to establish his right to recover. *Ralston* v. *Radcliff,* 34 Ind. 513.

Appellant sought to show that the claim was allowed more than thirty days before the affidavit and appeal bond were filed. The special finding sets out the fact of allowance on June 3rd, and then states that at that time appellee had no claim against the county, and that the board intended by such allowance to ratify a payment made to appellee April 18th preceding. The record made by the board speaks for itself. *Weir* v. *State, ex rel.,* 96 Ind. 311; *Ward* v. *State,* 48 Ind. 289.

It appears that the county auditor on April 18th, the injunction case having been dismissed on that day, and while appellee's claim was pending without having been acted upon, drew a county warrant in his favor for $400, which the treasurer at once paid. The right of a taxpayer to pro-

tect his county and himself by appealing from such allowances as this one would not be worth much if the date of allowance could be fixed by parol thirty days or six months earlier than shown by the record. This transaction constitutes the payment said to have been ratified by the board. The proposition would be, from a legal standpoint, for the purposes of the case, exactly the same had appellee walked into the treasurer's office and without any warrant taken $400 without objection by the treasurer. The board allowed the claim June 3rd, and upon that allowance appellee's right to payment depends.

The right of appellee to recover the reasonable value of the goods furnished by him to which some of the findings of fact seem to be addressed is not within the issues. No such claim was filed with the board. *Myers v. Gibson,* 147 Ind. 452, 456.

The findings, instead of establishing appellee's right to recover, affirmatively show that he was not entitled to do so. The conclusions of law stated by the court were wrong.

The cause is remanded, with instructions to restate conclusions of law and to render judgment thereon against appellee, that he take nothing on said claim, and in favor of appellant for his costs.