BLUE ET AL. *v.* STATE EX REL. POWELL ET AL.

[No. 26,596. Filed April 10, 1936. Rehearing denied October 21, 1936.]

*John F. Linder* and *Carl Seet*, for appellants.

*Othniel Hitch*, and *Rae W. Powell*, for appellees.

FANSLER, J.—This is an action to mandate the county council to appropriate $4,000, in addition to $1,000 already appropriated, as compensation to the relators for services as election commissioners for Marion county for the year 1934.

Appellants' demurrer to the complaint was overruled. There was an answer in two paragraphs, and a reply in general denial to the second paragraph of answer. There was a trial by the court, and a judgment mandating appellants to appropriate $4,000 as compensation for relators. A motion for a new trial was overruled.

Errors are properly assigned upon the overruling of the demurrer and the motion for a new trial.

The complaint alleges that the relators were duly appointed election commissioners for Marion county for the year 1934; that on or about the 14th day of August, 1934, the board of county commissioners duly fixed the compensation of relators at $2500 each, and requested the county council to appropriate funds with which to pay the compensation fixed; that the county council, at a regular meeting held for the purpose of making appropriations for the year 1934, refused to make appropriations in accordance with the request, but appropriated

the sum of $1,000 to cover the compensation of relators; that, at a later regular meeting, the county council refused to make an additional appropriation of $4,000 as requested by the board of county commissioners.

Section 29-504 Burns' Ann. St. 1933, section 7190 Baldwin's Ann. St. 1934, provides for the creation in each county of a board of primary election commissioners, to be composed of a clerk of the circuit court and two other members to be appointed by him, who shall also serve as election commissioners, and that "the compensation of the appointive members of said board of primary election commissioners for their services as such and as election commissioners shall be fixed by the board of commissioners of such county, and shall be paid out of the county treasury." Appellants contend that the compensation which may be fixed by the board of county commissioners is limited by the amount appropriated by the county council. They rely upon the so-called County Reform Law, which limits expenditures and allowances by the county commissioners to amounts which have been appropriated. But this limitation does not apply to salaries fixed by law, and respecting the amount and payment of which the county council has no discretion. *State ex rel. Fox* v. *Board of County Com'rs of Carroll County et al.* (1931), 203 Ind. 23, 178 N. E. 563. The salaries of most public officers are fixed by the Legislature. It has seen fit to delegate the discretion of fixing the compensation of election commissioners to the board of county commissioners. The statute does not provide that the compensation fixed by the board shall be subject to the approval of the county council, and the county council has no discretion in the matter, and is required to appropriate a sufficient amount to pay the compensation fixed by the board of commissioners. The demurrer to the complaint was properly overruled.

Appellants assert that there is no evidence that the

board of county commissioners ever fixed the compensation of the election commissioners. We have examined the evidence carefully. There is no evidence of any order or other entry in the records of the proceedings of the board of county commissioners fixing the compensation. There is in evidence a record of the proceedings of the board of county commissioners on the 16th day of September, 1933, in which is shown a budget for the 1934 primary election and general election, in which a total of $1,000 is budgeted as the sum required for election commissioners, presumably as compensation. The Budget Statute, section 26-516, Burns' Ann. St. 1933, section 5380, Baldwin's Ann. St. 1934, provides that every board of county commissioners shall prepare an itemized estimate of all money "to be drawn by the members of said board, and of all expenditures to be made by the board, or pursuant to its order, during such year for any and all purposes whatever." But the compensation to be paid to public officers is not strictly an expenditure to be made by the board. It is true that vouchers are issued pursuant to its order, but it may be mandated to order the payment of salaries fixed by law, and if the board itself had fixed a salary and budgeted less than a sufficient amount to pay the salary fixed, it might be mandated to order the payment of the amount fixed, and the county council might be mandated to appropriate a sufficient sum to pay the salary fixed. The Budget Statute contemplates only an estimate or an approximation of the amount of money required for any branch of the government. *State ex rel. Workman et al. v. Goldthait, Auditor* (1909), 172 Ind. 210, 87 N. E. 133.

The records of the county commissioners, so far as appears from the evidence, do not show any express fixing of compensation for the election commissioners. The budget was made in September, 1933, but there is nothing to indicate that the board had at

that time determined definitely upon the amount of compensation. The board is required to keep a record of its proceedings, and the action of a board can ordinarily be proven only by the record. *State* v. *Conner et al.* (1840), 5 Blackf. 325; *Board of Com'rs of LaGrange County* v. *Cutler* (1855), 7 Ind. 6; *Wright* v. *Caskey* (1901), 26 Ind. App. 520, 60 N. E. 320. An exception to this rule has been recognized by this court only in cases involving contracts, where the board acted as a body corporate in a business transaction rather than in a strictly governmental capacity. *McCabe* v. *Board of Com'rs of Fountain County* (1874), 46 Ind. 380; *Halstead et al.* v. *Board of Com'rs of Lake County* (1877), 56 Ind. 363; *Board of Com'rs of Orange County* v. *Ritter et al.* (1883), 90 Ind. 362.

There is uncontradicted evidence that on August 14, 1934, a member of the board "said they did not want to be hasty in fixing the compensation". On this latter date the following letter was written, signed by the members of the board of commissioners, and delivered to the county council:

"County Council,
Marion County,
Indiana.

Gentlemen:.

We are herewith submitting a request for $4,000.-00 for additional salary of Election Commissioners. We are asking this increase because of additional work caused by the Registration Law and the City and County Elections both being held this year. This will make a total of $5,000 appropriated for the services of Election Commissioners.

        Yours very truly,

    BOARD OF COUNTY COMMISSIONERS

        Ernest K. Marker
        Dow W. Vorhies
        John S. Mann"

This letter does not appear in the records of the board, nor is there any record of the amount of compensation having been fixed at that time or thereafter. It may be inferred from the evidence that the members of the board of county commissioners had indicated a willingness to fix the compensation of the election commissioners at $2,500 each, if the county council would appropriate an additional $4,000. But there is no entry on the records, by which the board of county commissioners speaks, indicating that any compensation ever was fixed, nor is there evidence that the members of the board ever reached a final determination as to what compensation should be fixed by them as a board.

It may be that the members of the board believed that in making the allowance they were limited to an amount which the county council was willing to appropriate, or it may be that they were unwilling to fix the compensation at an amount that would not meet the approval of the county council. But neither the county council nor the courts can assume the authority and discretion expressly delegated to the board of county commissioners. The judgment of the court mandating the county council to appropriate an additional $4,000 is obviously based upon the assumption that the board had fixed the compensation of the election commissioners at $2,500 each. But the board's records do not show any such action, and an inference that the members of the board intended to so fix the compensation, if an appropriation were made, cannot be constructed into the equivalent of an order fixing the compensation. The suggestion that the budgeting of $1,000 is the equivalent of an order fixing the compensation at $500 each, is subject to the same objection. It may be indicated that the members of the board, and the board acting as such, believed at the time that $1,000 would be sufficient to cover the max-

imum compensation that might be fixed. But it would seem that the only evidence of a final determination would be an order definitely fixing the compensation. There is no such order. The county council cannot be required to appropriate until the amount of compensation is fixed by the board of commissioners, which is the only agency that has power to fix the compensation. If the board fails or refuses to fix the compensation, it may be mandated to do so, and mandate will not lie against the county council until the compensation is fixed. There is not sufficient evidence to sustain the judgment.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.