THE BOARD OF COMMISSIONERS OF THE COUNTY OF ALLEN, INDIANA, ET AL. *v.* STATE EX REL. LOCKHART

[No. 27,250. Filed November 21, 1939.]

126

*R. C. Parrish, David Parrish,* and *R. A. Smith,* for appellants.

*Sol Rothberg,* and *Clarence R. McNabb,* for appellee.

SWAIM, J.—This was an action to mandate the county council to appropriate, the county commissioners to allow, and the county auditor to issue his warrant for the payment of the sum of $801.00, the alleged balance due to the appellee for services rendered by her as clerk in the office of the County Agricultural Agent of Allen County, Indiana, during the years 1932 to 1936, both inclusive.

Before proceeding to a discussion of this case on its merits we shall dispose of the motion to dismiss the appeal. Appellee's motion to dismiss is based on the contention that the appellants failed to file the transcript of the record herein within the time allowed by law for a term appeal, and failed to serve the notice required for a vacation appeal. Sec. 1, ch. 46, Acts of 1935, p. 132, provides that:

"* * * in all actions in which any county, civil or school township, or any state officer, department or institution or those representing it or them in any official capacity, are entitled to pray or take an appeal of any kind, the same shall be granted or taken as to such county, civil or school township, or any state officer, department or institution or such persons, without bond. Any term appeal so granted may be perfected without further

notice at any time within the period of time allowed for perfecting general appeals in vacation. * * *"

This was an appeal granted in term without bond under the provisions of the above statute which expressly provides that further notice is unnecessary and that the appeal might be perfected at any time within the period allowed for perfecting general appeals in vacation. When this appeal was taken Rule 1 of the Revised Rules of the Supreme and Appellate Courts of Indiana, adopted June 21, 1937, provided that all general appeals might be taken within ninety days of the date of the judgment or the ruling on the motion for a new trial. The transcript herein was filed seventy-seven days after the date of the judgment and was, therefore, within the time permitted for perfecting a general appeal in vacation. *City of Michigan City* v. *State, ex rel. Seidler* (1937), 211 Ind. 586, 5 N. E. (2d) 968.

Appellee also contends that under the provisions of Rule 2 of the Revised Rules, *supra,* appellants have abandoned the in-term appeal because the transcript was not filed within sixty days, consequently the appeal should be treated as a vacation appeal and should be dismissed because the requisite notice for a vacation appeal was not given. The rule in question provides that "If an appeal is taken in term time, but the transcript is not filed in the office of the clerk *within the time limited,* the appeal as of term shall be deemed to be abandoned: * * *" Since we hold that the appellant had ninety days within which to file the transcript it necessarily follows that it was filed "within the time limited" and the rule is, therefore, not applicable.

Appellee places much emphasis on the statement of this court in the case of *City of Michigan City* v. *State*

*ex rel. Siedler, supra,* to the effect that the "only purpose" of the similar statute applying to cities and towns "was to omit the requirement of bond in a term appeal by cities or towns." It does not necessarily follow that because the "only purpose" of the statute was to relieve the municipality of giving bond on appeal the statute could not make incidental changes as to the time for perfecting the appeal and as to the giving of notice.

We are of the opinion that this appeal has been perfected pursuant to the terms of said statute and the motion to dismiss is overruled.

This case involves the interpretation of ch. 82 of the Acts of 1927, p. 211, § 28-4911 Burns' 1933, § 6457 Baldwin's 1934, and the determination of the person or body empowered by said act to fix the salary of a stenographer or clerk employed in the office of the county agricultural agent.

The appellee worked as a clerk in the office of the county agricultural agent of Allen County, Indiana, during the years 1932 to 1936, both inclusive. She contends that on January 1, 1932, at the time of her appointment as such clerk, her salary was fixed by the county agricultural agent at ninety ($90.00) dollars per month and that the amount of said salary was approved by Purdue University by and through the acting director of the agricultural department of said University; that the county agent annually, for the years in question, furnished estimates to the county council of Allen County and in each of such estimates fixed the salary of appellee at $90.00 per month; that notwithstanding these facts the county council for each of said years failed and refused to appropriate sufficient funds to pay the salary as fixed for appellee; that by reason of such deficient appropriations and payments

said county owes appellee the total sum of $801.00 as the balance of the salary due her for said years; that in 1938, she filed a verified claim for said balance of her salary with the board of commissioners of said county but said board has failed and refused to allow said claim. This action was brought by appellee to mandate the auditor of said county to immediately call a special meeting of the county council of said county, to mandate the county council to meet in special session and appropriate the said sum, to thereupon mandate the county commissioners to approve said claim and to then mandate the county auditor to issue his warrant upon the treasurer for the payment of said amount. The court, pursuant to request found the facts specially and stated his conclusions of law thereon. Judgment was entered for the appellee for said sum against the commissioners of said county and the various officers were mandated to take the necessary steps to appropriate money for and to pay said claim. Appellants' motion for a new trial was overruled. Appellants assigned as error each of the court's four conclusions of law and the overruling of their motion for a new trial. All of the court's conclusions of law and the judgment entered for appellee were based on the conclusion of the court that by the provisions of said statute the county agricultural agent, with the approval of Purdue University was empowered and authorized to fix and determine the salary of the appellee.

Said statute is an amendment of Section 12 of "An Act to provide for the encouragement, maintenance and supervision of vocational education in industries, agriculture and domestic science," ch. 24 of the Acts of 1913, page 37, which §12, as amended in 1927, reads as follows:

"* * * Whenever twenty or more residents of a county who are actively interested in agriculture shall file a petition with the county board of education for a county agent, together with a deposit of five hundred dollars to be used in defraying expenses of such agent, the county board of education shall file said petition within thirty days of its receipt, with the county council, which body shall, upon receipt of such petition, appropriate annually not less than fifteen hundred dollars and not more than four thousand dollars to be used in paying part of the salary and expenses of such county agent, which may include compensation for office help. When the county appropriation has been made, the county board of education shall apply to Purdue University for the appointment of a county agent, whose appointment shall be made annually, except that reappointment may be made for a term of two years, and be subject to the approval of the county board of education and the state board of education. When such appointment has been made, there shall be paid from the state fund provided for in this act, to Purdue University, to be paid to the county agent, the sum of one thousand dollars per annum as a part of the salary of the county agent, appointed as herein provided, payment to be made in equal monthly installments.

"It shall be the duty of such agent, under the supervision of Purdue University, to co-operate with the farmers' institutes, farmers' clubs and other organizations, conduct practical farm demonstrations, boys' and girls' clubs and contest work and other movements for the advancement of agriculture and country life and to give advice to farmers on practical farm problems and aid the county superintendent of schools and the teachers in giving practical education in agriculture and domestic science.

"The county board of education is hereby authorized to file monthly bills covering salary and expenses of county agent, the same to be approved by Purdue University, with the county auditor who shall draw his warrant or warrants on county treasurer for the payment of same."

Sec. 12 of the original act provided that the county council should appropriate annually the definite sum of $1,500.00. The act as amended in 1923, ch. 151, Acts of 1923, page 424, provided for an annual appropriation of not less than $1,500.00 and not more than $2,500.00 "to be used in paying a part of the salary and expenses of such county agent, together with the compensation of a stenographer: Provided, That no appropriation shall be made for the compensation of a stenographer except in case of imperative necessity, to be determined by the county council." It will be noted that said Section 12 as amended in 1927 raised the maximum appropriation to $4,000.00 for the salary and expenses of such agent "which may include compensation for office help." Under the provisions of this section as amended in 1927 who shall determine how much the total appropriation shall be and the amount of compensation to be paid for office help? The appellee insists that the amended section in question, when read in the light of the 1923 amendment and the original act and when the purpose of the act is considered, grants to the county agent, with the approval of Purdue University, the power to fix the amount of such compensation. No such power is expressly granted by the language of said statute.

The act specifically enumerates the duties of the county agent. Such enumerated duties do not include the duty to fix the amount of salaries to be paid for office help, nor is the power to fix such salaries so necessary to the enumerated duties that the grant thereof could be implied from the grant of the enumerated powers.

The appellee has placed much emphasis on the last paragraph of said Act which authorizes the county board of education "to file monthly *bills* covering salary

and expenses of county agent, the same to be approved by Purdue University, with the county auditor who *shall* draw his warrant or warrants on county treasurer for the payment of same." The county agent is not a member of the county board of education (§ 28-801 Burns' 1933), so it is hard to see how it could be seriously contended that the grant of any power to the county board of education could bestow any power on an individual or official who is not even a member of said board.

The only authority granted to the board of education by the last paragraph of said section is the power to file bills for the salary and expenses of said county agent. One meaning of the word "bill" according to Webster's New International Dictionary is "An account of goods sold, services rendered, or work done, with the price or charge; a statement of a creditor's claim, in gross or by items; as a grocer's *bill.*" This is the ordinary meaning of the word and we believe this is the meaning the legislature intended for the word as used in this statute. In other words the county board of education was only authorized to render to the auditor a statement of the amount due to the county agent's clerk for her work after the work was done. The appellee surely would not contend that the legislature intended to grant the board the authority to fix the amount of the compensation after the services had been performed. The fact that the said paragraph provided that upon the filing of such bill the auditor "shall" draw his warrant in payment of same seems to clearly indicate that the bill to be approved by Purdue University and filed by the county board of education was the statement of a claim for compensation for services *rendered,* the amount of which compensation had been fixed before the services were rendered. The legis-

lature certainly did not intend by such statute to order the auditor to issue a warrant in payment for services until after the services were performed. Neither could it be contended that the language of this paragraph of the statute which authorized Purdue University to approve said bills thereby gave the university the power to fix the amount of the compensation for the services of the appellant.

By the terms of said Act, Purdue University was expressly authorized to appoint the county agent, subject to the approval of the county board of education of the state board of education, to pay the county agent the sum of $1,000.00 per annum as a part of his salary, to supervise the work of the county agent, and to approve the monthly bills covering his salary and expenses. Purdue University by the terms of this statute is given no express authority to fix the salary of appellee nor can such authority be implied as being necessary or incidental to the powers expressly conferred.

At the time the statute in question was enacted the county council had been vested with the power of fixing the rate of taxation for county purposes and also the sole and exclusive power of making appropriations of money to be paid out of the county treasury. § 26-515 Burns' 1933, § 5379 Baldwin's 1934. The statute in question herein recognized the county council as being the sole county appropriating agency by naming the county council as the body which should appropriate the necessary funds. The legislature could have fixed a definite total amount for the county council to appropriate, as was done in section 12 of the 1913 statute, or could have fixed the salary of the appellee at a definite amount which the council could have been mandated to appropriate. Where, however, as here, the

legislature fixed only a minimum and maximum for the total appropriation, which total appropriation should include a salary, the amount of which was not fixed, we must, assume, in the absence of a clear showing to the contrary, that the legislature intended that the county council should have the power within the fixed limits to determine the amount of the total appropriation and the amount of the part of such total which should be used as a salary for the appellee.

The special findings disclose the fact that for each of the years in question the county agricultural agent prepared and submitted to the county auditor, to be by him submitted to the county council, an official estimate of the proposed salaries and other items of expense for the ensuing year. In each of these itemized estimates the appellee's salary was shown as $1,080.00 per annum. The law requires all county officers to prepare and file such estimates. § 26-516 Burns' 1933, § 5380 Baldwin's 1934.

The purpose of these estimates is to assist the county council in determining the amount of the appropriations required. The county council is not compelled to appropriate for a salary the amount shown on such estimates unless such amount has been fixed by law. The County Reform Act of 1899 set up the system for appropriations of county funds by the county council as a check on the expenditure of public money. *Snider* v. *State ex rel. Leap* (1933), 206 Ind. 474, 190 N. E. 178. The system should not be set aside nor curtailed except by a statute which clearly shows such intention of the legislature. No such clear legislative intent is apparent in the language of the statute here in question. We, therefore, hold that the county council was acting within its powers in fixing the amount of the

appellee's salary at a smaller amount than the amount requested by the county agricultural agent in the official estimate which he filed.

The judgment is reversed with instructions to the trial court to restate the conclusions of law and to enter judgment all in conformance with this opinion.