HOME OWNERS' LOAN CORPORATION *v.* BRAXTAN ET AL.

[No. 27,740. Filed September 15, 1942.]

*Robert L. Mellen* and *W. E. Clark,* both of Bedford, for appellant.

*Tucker & Tucker,* of Paoli, and *Connor D. Ross,* of Indianapolis, for appellees.

PER CURIAM.—The appellees herein have filed a motion to dismiss this appeal on the theory that the appellant, Home Owners' Loan Corporation, has not properly perfected the appeal under the applicable statutes and rules of court.

A judgment was rendered against the appellant September 20, 1941, and its motion for a new trial was overruled April 25, 1942. As a part of the order overruling the motion for a new trial, the appellant was granted an appeal to the Supreme Court without bond and was given sixty days in which to prepare and tender all bills of exception. The trial court found and adjudged that the appellant was an agent and instrumentality of the United States of America and that by reason thereof it was entitled to take such appeal without bond.

The appellant filed its record and assignment of errors in this court July 1, 1942. It made no attempt to serve notice of the appeal and, on July 27, 1942, appellees filed this motion to dismiss predicated on the grounds that no proper appeal had been perfected within the time allowed; that the appellant's purported appeal was neither a term-time nor a vacation appeal; and that this court has no jurisdiction over the appellees.

The Home Owners' Loan Corporation Act of 1933 (Title 12, § 1463, Vol. 4, Federal Code Anno., p. 352) provided that the Home Owners' Loan Corporation "shall be an instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State, . . ."

A statute of this State provides:

"In all actions in which any agency or instrumentality of the United States of America, or those representing it in any official capacity, are entitled to pray or take an appeal of any kind, the same shall be granted or taken as to such agency or instrumentality of the United States of America, or such persons, without bond. Any term appeal so granted may be perfected without further notice at any time within the period of time allowed for perfecting general appeals in vacation." Acts of 1937, ch. 198, pp. 1003, 1004; § 2-4724, Burns' 1933 (Supp.), § 488-2, Baldwin's Supp. 1937.

The language of this statute is almost identical with the language of § 2-4717, Burns' 1933; § 488, Baldwin's 1934, which grants to cities and towns the right to appeal without bond. Under the latter statute it has been held, by this court, that cities may perfect their appeals taken under such statute at any time within the time limited for perfecting vacation appeals. *City of Michigan City* v. *State ex rel Seidler* (1937), 211 Ind. 586, 5 N. E. (2d) 968. See, also, *Board of Commissioners of Allen County* v. *State ex rel. Lockhart* (1939), 216 Ind. 125, 23 N. E. (2d) 494.

Since at the time this appeal was taken, general appeals in vacation might be perfected at any time within ninety days from the final judgment or the ruling on the motion for a new trial, under Rule 2-2 of the Rules of the Supreme Court of Indiana, 1940 Revision, we hold that the appellant in this case properly perfected its appeal by filing the record and transcript

within ninety days from the overruling of its motion for new trial; and that no notice was necessary.

Petition to dismiss appeal is denied.

NOTE.—Reported in 43 N. E. (2d) 616.