**WARRICK COUNTY COMMISSIONERS,**
Appellant–Co–Petitioner,

v.

**WARRICK COUNTY COUNCIL,**
Appellee–Co–Petitioner.

No. 87A04–9807–CV–374.

Court of Appeals of Indiana.

March 3, 1999.

Terry A. White, Olsen, Labhart, White & Hambidge, Evansville, Indiana, Attorney for Appellant.

Lawrence L. Grimes, Douglas K. Briody, Bowers, Harrison, Kent & Miller, L.L.P., Evansville, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-co-petitioner Warrick County Commissioners (the Commissioners) appeal the trial court's ruling in favor of appellee-co-petitioner Warrick County Council (the Council) on their Joint Petition for Declaratory Judgment. Specifically, the Commissioners argue that the trial court erred when it held that the Council could not be compelled to appropriate funds to pay the salary established by the Commissioners for the executive director of the area plan commission (the executive director).

### FACTS

The undisputed facts establish that the Commissioners hired the executive director and set his salary at $37,000 without first consulting the Council. Subsequently, the Council refused to appropriate any additional funds to meet the compensation established by the Commissioners. The Commissioners attempted to pass their own salary ordinance, but the Auditor would not honor it.

On January 15, 1998, the parties filed a joint petition for declaratory judgment, asking the trial court to instruct the Council and the Commissioners as to their respective rights and responsibilities. Specifically, the question presented to the trial court was "whether, after the county commissioners have established the compensation of the executive director of the area planning commission, the county council must provide funding for the amount of compensation established."

Record at 5. After this petition was filed, the executive director resigned, and the hiring of his replacement has been delayed because of the uncertainty surrounding the funding of the executive director's salary. Following argument and briefing, on April 1, 1998, the trial court ruled in favor of the Council. The Commissioners now appeal.

### DISCUSSION AND DECISION

This dispute between the Commissioners and the Council arises from the language in IND.CODE § 36–7–4–311(b)(2) which provides that "[t]he county commissioners shall fix the director's compensation." From this, the Commissioners not only argue that they have the authority to set the salary for the executive director, but that they also have the power to compel the Council to appropriate additional funds to pay such salary.

In finding for the Council, the trial court relied on *Snider v. State ex rel. Leap*, 206 Ind. 474, 190 N.E. 178 (1934) and *Board of Com'rs of Allen County v. State ex rel. Lockhart*, 216 Ind. 125, 23 N.E.2d 494 (1939). In *Snider*, our supreme court explained the purpose of the County Reform Act of 1899, which established a system for appropriations of county funds by the county council, as follows:

> The evident purpose of the act was to create a body to act as a check on the business of the county and including the expenditures made by all county officers. The power of ... making appropriations was given exclusively to the county council and the intent of the act was to place limits and checks upon payments out of the treasury.... [T]he Legislature evidently thought when it created the body known as the county council, and clothed it with certain powers, that the exercise of those powers would be beneficial to the general public and especially to the taxpayers in providing a check on the expenditure of public money.

*Id.* at 180. Thereafter, in *Lockhart*, our supreme court noted that the council's traditional power to appropriate money out of the county treasury should not be curtailed absent "a statute which clearly shows such intention of the legislature." *Id.* at 498 ("we must assume, in the absence of a clear showing to the contrary, that the legislature intended that the county council should have the power ... to determine the amount of the total appropriation").

In *Blue v. State ex rel. Powell*, 210 Ind. 486, 1 N.E.2d 122 (1936), the court was confronted with just such a specific indication of intent by the legislature. The statute in question provided that "the compensation of the appointive members of said board of primary election commissioners ... shall be fixed by the board of commissioners of such county, and shall be paid out of the county treasury." *Id.* at 122. The council took the position, relying on the County Reform Act, that the compensation fixed by the commissioners was required to be within the amount appropriated by the council. *Id.* at 122–23. However, the court disagreed and found that the legislature had delegated the discretion of fixing the salaries to the commissioners and that the statute did not provide that approval of the council was required. Therefore, the court held that the council had "no discretion in the matter, and [was] required to appropriate a sufficient amount...." *Id.* at 123.

Here, the Council takes the same position as the council in *Blue*. The Council does not dispute the fact that the Commissioners have the authority to fix the executive director's salary. Rather, the Council argues that the salary must fall within the constraints of the existing appropriated budget.

At first blush, *Blue* would seem to dictate that the Council has no discretion and must appropriate additional funds to satisfy the salary fixed by the Commissioners because I.C. § 36–7–4–311 states that the commissioners "shall fix the director's compensation." However, we note that the language that the Commissioners exclusively rely on comprises just one sentence of a more complex statute. Therefore, we will consider the general scheme of the statute as a whole to determine whether the legislature clearly intended to eliminate the Council's traditional role as a check on the expenditure of public money. *See Manns v. Skolnik*, 666 N.E.2d 1236, 1248 (Ind.Ct.App.1996) ("[A] statute is to be examined and interpreted as a whole."),

*trans. denied; Y.A. by Fleener v. Bayh,* 657 N.E.2d 410, 416 (Ind.Ct.App.1995) ("In construing statutory provisions, the statute must be considered as a whole, each part examined not in isolation but with reference to all other companion provisions."), *trans. denied.*

I.C. § 36–7–4–311 provides in its entirety as follows:

(a) ADVISORY. The advisory plan commission may appoint, prescribe the duties, and fix the compensation of such employees as are necessary for the discharge of the duties of the commission. *This compensation must be in conformity with salaries and compensation fixed up to that time by the fiscal body of the municipality or county, as the case may be.* The commission may contract for special or temporary services and any professional counsel.

(b) AREA

(1) Except as provided in subdivision (2), the area plan commission shall appoint an executive director for the planning department and fix the director's compensation. To be qualified for the position, the executive director must have training and experience in the field of planning and zoning. The commission may not give any consideration to political affiliation in the appointment of the executive director.

(2) This subdivision applies to an area plan commission of a county in which the largest city has a population of less than twenty-five thousand (25,000) or to a county that has no cities. When there is a vacancy in the position of executive director of the planning department, the area plan commission shall give to the county commissioners the name of a person recommended for the position. The county commissioners shall appoint an executive director who may be the person recommended by the area plan commission. The county commissioners may remove the executive director. The county commissioners shall fix the director's compensation. To be qualified for the position, an executive director must have training and experience in the field of planning and zoning. In making the appointment, the county commissioners may not give any

consideration to political affiliation of the executive director.

*Id.* (emphasis added). Therefore, the authority to appoint and fix the compensation of employees generally lies with the plan commission with the caveat that the compensation be in conformity with the appropriation from the Council. The only exception to this general rule comes into play in small communities and acts to shift the plan commission's authority to appoint and fix the executive director's salary to the Commissioners. I.C. § 36–7–4–311(b)(2). While the exception does not expressly limit the Commissioners' discretion by requiring that the salary be within the appropriated amount, we find no reason why the general modifying language in subsection (a) should not also apply to subsection (b) and similarly limit the Commissioners. Moreover, we cannot say that this statute clearly shows an intention by the legislature to eliminate the historic discretion of the Council in county fiscal matters. *See Lockhart,* 23 N.E.2d at 498. Therefore, we find that the trial court did not err when it entered judgment for the Council.

Judgment affirmed.

GARRARD, J., and ROBB, J., concur.